[Crim. No. 14245. Third Dist. Jan. 13, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CLAIRE LOUISE DUNN, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†See footnote 1, *post*, page 573.

**COUNSEL**

Alister McAlister, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Alison Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—Defendant appeals from the judgment of conviction following her plea of guilty to one count each of forgery and welfare fraud (Pen. Code, § 470; Welf. & Inst. Code, § 11483). She was sentenced to a total term of three years and eight months in state prison.

██ On appeal, defendant contends: (1) her *Arbuckle* rights were violated (*People* v. *Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]); and (2) the trial court abused its discretion in denying her motion to withdraw her guilty plea. The superior court has issued a certificate of probable cause (Pen. Code, § 1237.5). We shall reject defendant's contentions and affirm the judgment.[1]

The facts of the offenses are not essential to the determination of this appeal. Suffice it to say that defendant (1) forged an endorsement on a check payable to another person and cashed it and (2) impersonated her sister-in-law in order to receive welfare payments to which she was not entitled.

---

[1]The Reporter of Decisions is directed to publish all of this opinion except part II. (Cal. Rules of Court, rule 976.1.)

I

On July 18, 1984, defendant appeared before the Honorable Sheldon Grossfeld and withdrew her not guilty plea to 19 counts of welfare fraud and forgery. She pled guilty to two counts in consideration for which the court dismissed the remaining counts on motion of the People. She was also promised that no additional charges would be filed arising out of the current investigation by the welfare department. Defendant was not advised she had a right to be sentenced by the same judge who accepted her guilty plea (*People* v. *Arbuckle, supra,* 22 Cal.3d 749), nor did she enter into an *Arbuckle* waiver. Defendant's attorney incorrectly informed the court that there had been an *Arbuckle* waiver. The court referred the matter to the probation office for report and set sentencing for August 23 in another department. By the time of sentencing, Judge Grossfeld had retired from the bench.

A probation and sentencing hearing was commenced before Honorable Darrel W. Lewis. (Pen. Code, § 1204.) Before that proceeding was completed, defendant made a *Marsden* motion to change attorneys (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]) and indicated she wanted to withdraw her guilty plea. Defendant's trial attorney, the public defender, indicated it would be best for private counsel to be appointed to represent defendant on her motion to withdraw her plea as she was complaining that he did not represent her properly. The court then appointed private counsel.

On December 27, 1984, defendant's motion to withdraw her guilty plea was denied by Judge Lewis. The court agreed that there had not been an *Arbuckle* waiver but ruled that *Arbuckle* was inapplicable as Judge Grossfeld was no longer available.

On January 11, 1985, defendant was sentenced to state prison by Honorable William Lally. Judge Lally also ruled that an *Arbuckle* waiver was not required as Judge Grossfeld had retired.

Defendant contends she should be allowed to withdraw her guilty plea because she was denied her right under *Arbuckle* to be sentenced by the same judge who accepted her guilty plea.

*People* v. *Arbuckle, supra,* 22 Cal.3d 749, held that it is an implied term of a plea bargain involving sentencing discretion that the judge who accepts the plea bargain will be the judge to impose sentence. Thus, a defendant is

entitled either to be sentenced by that same judge or, if that is not possible, to withdraw his guilty plea. (*Id.,* at p. 757.) "Should the guilty plea be withdrawn, the prosecution of course has the right to reinstate the dismissed counts." (*People* v. *Pedregon* (1981) 115 Cal.App.3d 723, 726 [171 Cal.Rptr. 468].)

Defendant contends that *Arbuckle* and the cases construing it do not support the notion that a defendant's rights are forfeited because the sentencing judge has "retired, died, moved far away or is otherwise unavailable." Defendant contends it makes no difference *why* the judge is unavailable; "The trial court's administrative problems are no concern of hers."

*Arbuckle* specifically dealt with the situation when "internal court administrative practices" render it impossible or impracticable for the judge who accepts a defendant's plea to impose the sentence. (*Arbuckle, supra,* at p. 757.) As one court has stated: "*Arbuckle* and the cases applying it [citations] involve situations where the original judge was unavailable for sentencing due to internal administrative scheduling problems. *Arbuckle* speaks only of such situations and it is doubtful whether its mandate would apply when, as here, the judge is unavailable due to his death." (*People* v. *Watson* (1982) 129 Cal.App.3d 5, 7 [180 Cal.Rptr. 759].) We agree with that assessment.

While it is established that the implied term of a negotiated plea first recognized by *Arbuckle* will override competing administrative practices of the court, it is clear to us that a negotiated plea does not carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench pending imposition of sentence. The People appropriately bear the risk of a judge's unavailability due to matters within the control of the court, but no good reason appears why they should bear the risk that the judge before whom defendant plead is no longer vested with judicial power to pass sentence. To the implied term recognized by *Arbuckle* that the judge accepting the plea will impose sentence must be added an implied condition: if that judge then still actively exercises judicial power.

We hold that *Arbuckle* does not apply in a case where the judge's unavailability is due not to internal administrative problems or convenience of the court but to retirement of the judge, a matter clearly beyond the power of the court to control. (See *People* v. *Watson, supra,* 129 Cal.App.3d at p. 7.)

## II*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Regan, J., and Blease, J., concurred.

---

*See footnote 1, *ante,* page 573.