[No. H021920. Sixth Dist. Nov. 27, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK DUANE LETTEER, Defendant and Appellant.

1310

**COUNSEL**

Brian A. Pori, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivilin and William Kuimelis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### WUNDERLICH, J.—

#### I. *Statement of the Case*

In 1997, defendant Mark Duane Letteer pleaded guilty to possession and being under the influence of methamphetamine and admitted having three prior felony convictions that qualified as strikes under the "Three Strikes" law. (Health & Saf. Code, §§ 11377, subd. (a), 11550, subd. (a); Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) At sentencing, the Honorable John T. Ball dismissed two of defendant's strikes in furtherance of justice (see Pen. Code, § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]) and imposed a one-strike term of 32 months for possession and a concurrent 90-day jail term for being under the influence. The district attorney immediately challenged the dismissal of two strikes by seeking a writ of mandate.

On May 15, 2000, this court filed an opinion in which we concluded that Judge Ball had abused his discretion in dismissing the two strikes. (*People v. Superior Court (Letteer)* (May 15, 2000, H020324) [nonpub. opn.].)[1] We issued a peremptory writ of mandate, directing the superior court to vacate the dismissal order, reinstate the two strikes, and resentence defendant as a person with three strike prior convictions.

On remand, the prosecutor disqualified Judge Ball from resentencing defendant by filing a peremptory challenge under Code of Civil Procedure, section 170.6, subdivision (2), and, over defendant's objection, resentencing proceeded before the Honorable Paul T. Teilh.[2] Judge Teilh denied defendant's request for a formal sentencing hearing, reinstated the previously

---

[1]We have taken judicial notice of the record, briefs and opinion in the writ proceeding. (See Evid. Code, § 452, subd. (d).)

[2]Code of Civil Procedure section 170.6 provides, in relevant part, "(1) No judge . . . of any superior . . . court . . . shall try any civil or criminal action . . . when it shall be established as hereinafter provided that the judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action . . . . [¶] (2) Any party to or any attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury

dismissed strikes, and imposed a Three Strikes term of 25 years to life for possession of methamphetamine and a concurrent six-month jail term for being under the influence.

On appeal from the judgment, defendant claims, among other things, that sentencing by Judge Teilh violated the terms of the plea bargain. We agree, reverse the judgment, and remand the matter for further proceedings.

## II. *Violation of the Plea Bargain*

 Citing *People v. Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] (*Arbuckle*), defendant contends that an implied term of the plea bargain entitled him to have Judge Ball resentence him, and therefore, resentencing by Judge Teilh violated the plea bargain and denied him due process of law. We agree.

---

or an oral statement under oath that the judge, court . . . before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge . . . . Where the judge, other than a judge assigned to the case for all purposes, court commissioner, or referee assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. If directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If the court in which the action is pending is authorized to have no more than one judge and the motion claims that the duly elected or appointed judge of that court is prejudiced, the motion shall be made before the expiration of 30 days from the date of the first appearance in the action of the party who is making the motion or whose attorney is making the motion. In no event shall any judge, court commissioner, or referee entertain the motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there is no such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge, court commissioner, or referee has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided. [¶] *A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. . . .* [T]he party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment." (Italics added.)

In *Arbuckle*, the defendant entered a plea before a particular judge, but before the sentencing hearing, that judge was transferred to a different department. The defendant's request to have the case transferred was denied, and a different judge imposed sentence. (*Arbuckle, supra,* 22 Cal.3d at p. 757.) In reversing the judgment, the California Supreme Court stated, "As a general principle . . . , whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" (*Id.* at pp. 756-757.) The court held that "[b]ecause the defendant has been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand. [Citations.] The defendant is entitled to be sentenced by [the original judge], or if internal court administrative practices render that impossible, then in the alternative defendant should be permitted to withdraw his plea."[3] (*Id.* at p. 757, fn. omitted.)

The People claim that *Arbuckle* is inapplicable here because at the time defendant entered his plea, he did not reasonably expect Judge Ball to sentence him, and therefore, sentencing by Judge Ball did not become an implied term of the plea bargain. We disagree.

The People correctly note that *Arbuckle* rights arise only where the record affirmatively indicates that the defendant reasonably expected to be sentenced by the judge who took the plea. (*In re Mark L.* (1983) 34 Cal.3d 171, 177 [193 Cal.Rptr. 165, 666 P.2d 22]; *People v. Adams, supra,* 224 Cal.App.3d at p. 1543; *People v. Horn* (1989) 213 Cal.App.3d 701, 707 [261 Cal.Rptr. 814]; *People v. Serrato, supra,* 201 Cal.App.3d at p. 764; *People v. Guerra* (1988) 200 Cal.App.3d 1067, 1071-1072 [246 Cal.Rptr. 392]; *People v. Ruhl* (1985) 168 Cal.App.3d 311, 315 [214 Cal.Rptr. 93]; *In re James H.* (1985) 165 Cal.App.3d 911, 919-920 [212 Cal.Rptr. 61].) For example, in

---

[3]In the footnote, the court acknowledged that "in multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months. However, a defendant's reasonable expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took his plea and ordered sentence reports should not be thwarted for mere administrative convenience. If the original judge is not available for sentencing purposes after a plea bargain, the defendant must be given the option of proceeding before the different judge available or of withdrawing his plea." (*Arbuckle, supra,* 22 Cal.3d at p. 757, fn. 5.)

The right to have the judge who accepted the plea impose sentence and the right to withdraw the plea if the judge is unavailable are generally referred to as *Arbuckle* rights. (See, e.g., *People v. Adams* (1990) 224 Cal.App.3d 1540, 1544 [274 Cal.Rptr. 629]; *People v. Serrato* (1988) 201 Cal.App.3d 761, 764 [247 Cal.Rptr. 322]; *People v. Rosaia* (1984) 157 Cal.App.3d 832, 837, 840 [203 Cal.Rptr. 856].)

*Arbuckle*, the court found a reasonable expectation because the judge who took the plea repeatedly used the personal pronoun in referring to the future sentencing hearing. (*Arbuckle, supra*, 22 Cal.3d at p. 756, fn. 4.) Similarly, in *In re Mark L.*, the court found a reasonable expectation because the judicial officer interchangeably used the personal pronoun and " 'the Court' " when referring to sentencing. (*In re Mark L., supra*, 34 Cal.3d at p. 177.)

Here, in taking the plea, Judge Ball referred to the possible alternative sentences "the court" could impose. After accepting the plea, he stated, "All right. Then *the Court* will find that the defendant has freely and voluntarily waived his constitutional rights and entered a plea after having been advised of the consequences thereof." (Italics added.) He then referred the matter to the probation department, asking defense counsel if defendant waived time. Counsel waived time and asked if "the Court" would be available for sentencing during a particular week. Judge Ball said that he would be.

When Judge Ball and defense counsel said "the court," they were referring to Judge Ball. Moreover, in scheduling the sentencing hearing, Judge Ball indicated he would be the one to sentence defendant. Thus, the record affirmatively shows that defendant expected Judge Ball to sentence him. Indeed, Judge Ball did sentence him. At that time, he used "I" and "the court" interchangeably, and counsel referred to him as "the court."

Any possible ambiguity concerning defendant's expectation is dispelled by his conduct after entering his plea. He wrote Judge Ball a letter about the upcoming sentencing hearing, and in closing stated, "Your Honor, I am truely [*sic*] frightened about all this. I haven't understood much of all that is happening or how it has become such a travesty. Your sheriff officers in your court room, as well as my attorney and Madam District Attorney have said you are a fair and just Judge. So I am placing my trust in you. Though your power terrifies me I believe what your Court officers have told me." Defendant's letter unmistakably reflects that he expected Judge Ball to sentence him. ██ Moreover, later, after the prosecutor successfully removed Judge Ball, defendant expressly objected to sentencing by Judge Teilh, claiming a violation of his *Arbuckle* rights. (See *People v. Horn, supra*, 213 Cal.App.3d at p. 709 [lack of objection to sentencing by different judge relevant in determining existence of *Arbuckle* rights].)[4]

 The People further claim that even if defendant expected Judge Ball to sentence him, *Arbuckle* is still inapplicable. In support of this claim, the

[4]We note that a defendant may waive his *Arbuckle* rights by failing to object when a different judge imposes sentence. (*People v. Walker* (1991) 54 Cal.3d 1013, 1026 [1 Cal.Rptr.2d 902, 819 P.2d 861], and cases cited there; e.g., *People v. Poole* (1985) 168 Cal.App.3d 516, 521 [214 Cal.Rptr. 502], and cases cited there.) A defendant may also expressly waive *Arbuckle* rights at the time of the plea. (See *People v. Mikhail* (1993) 13 Cal.App.4th 846, 851 [16 Cal.Rptr.2d 641].)

People cite *People v. Dunn* (1986) 176 Cal.App.3d 572 [222 Cal.Rptr. 273] (*Dunn*). Again, we disagree.

In *Dunn,* the judge who took the plea retired before sentencing, and a different judge imposed sentence. On appeal, the court found *Arbuckle* inapplicable because the original judge's unavailability was due to "a matter clearly beyond the power of the court to control"—retirement—rather than an internal administrative problem or convenience of the court, as was the case in *Arbuckle.* (*Dunn, supra,* 176 Cal.App.3d at p. 575.) In support of its holding, the court quoted *People v. Watson* (1982) 129 Cal.App.3d 5 [180 Cal.Rptr. 759], a case where the original judge died before sentencing. According to *Watson,* "*Arbuckle* and the cases applying it [citations] involve situations where the original judge was unavailable for sentencing due to internal administrative scheduling problems. *Arbuckle* speaks only of such situations and it is doubtful whether its mandate would apply when, as here, the judge is unavailable due to his death." (*Watson, supra,* 129 Cal.App.3d at p. 7; *Dunn, supra,* 176 Cal.App.3d at p. 575.)

Building on the *Watson* court's doubt, *Dunn* states that "a negotiated plea does not carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench pending impo-sition of sentence. The People appropriately bear the risk of a judge's unavailability due to matters within the control of the court, but no good reason appears why they should bear the risk that the judge before whom defendant plead[ed] is no longer vested with judicial power to pass sentence. To the implied term recognized by *Arbuckle* that the judge accepting the plea will impose sentence must be added an implied condition: if that judge then still actively exercises judicial power." (*Dunn, supra,* 176 Cal.App.3d at p. 575; see also *People v. Jackson* (1987) 193 Cal.App.3d 393 [238 Cal.Rptr. 327] [*Arbuckle* inapplicable where unavailability due to illness].)

The People argue that this case comes within the *Dunn* exception because the prosecutor's peremptory challenge "must also be considered an event that removes the judge from the ability to exercise judicial power in a defendant's case."

Initially, we question the validity of the *Dunn* exception. In effect, *Dunn* limited *Arbuckle* to its facts: unavailability due to administrative matters within the superior court's control. We acknowledge that in *Arbuckle,* the

court did not discuss whether a defendant should be allowed to withdraw the plea if the original judge becomes unavailable for reasons *outside* the control of the court, such as death, illness, retirement, removal from the bench or other circumstances. (See *People v. Martinez* (2000) 22 Cal.4th 106, 118 [91 Cal.Rptr.2d 687, 990 P.2d 563] [cases are not authority for propositions they do not consider].) However, when we view *Arbuckle* in light of the principles that govern the implementation of a plea bargain and the consequences of deviating from its terms, we find the *Dunn* limitation on *Arbuckle* to be unwarranted.

As noted, *Arbuckle* recognized that "whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" (*Arbuckle, supra*, 22 Cal.3d at pp. 756-757.) ██ It is settled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be *part of the inducement* or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262 [92 S.Ct. 495, 499, 30 L.Ed.2d 427], italics added.) "The Supreme Court has thus recognized that due process applies not only to the procedure of accepting the plea [citation], but that the requirements of due process attach also to implementation of the bargain itself. It necessarily follows that violation of the bargain by an officer of the state raises a constitutional right to some remedy." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211]; accord, *People v. Walker, supra*, 54 Cal.3d at p. 1024; see *People v. Vargas* (2001) 91 Cal.App.4th 506, 533 [110 Cal.Rptr.2d 210] [in essence, a plea bargain is a contract governed by contractual principles]; see, e.g., *People v. Quartermain* (1997) 16 Cal.4th 600, 620 [66 Cal.Rptr.2d 609, 941 P.2d 788] [breach deemed violation of due process]; *People v. Olea* (1977) 59 Cal.App.4th 1289 [69 Cal.Rptr.2d 722] [same].) "This does not mean that *any* deviation from the terms of the agreement is constitutionally impermissible." (*People v. Walker, supra,* 54 Cal.3d at p. 1024, original italics.) Rather, the variance must be " 'significant' in the context of the plea bargain as a whole to violate the defendant's rights." (*Ibid.; Santobello v. New York, supra*, 404 U.S. at p. 262 [92 S.Ct. at pp. 498-499].) However, when there is such a variance, the violation of the plea bargain is not subject to harmless error analysis. Rather, the defendant is entitled to an appropriate remedy. (*In re Moser* (1993) 6 Cal.4th 342, 353-354 [24 Cal.Rptr.2d 723, 862 P.2d 723]; *People v. Walker, supra*, 54 Cal.3d at p. 1026; *In re Williams* (2000) 83 Cal.App.4th 936, 944 [100 Cal.Rptr.2d 144].)

Given these principles and the fact that sentencing by the original judge is an implied term of the plea bargain and represents an inherently important factor in the decision to enter a plea bargain, we conclude that sentencing by a different judge constitutes a significant deviation *regardless* of whether unavailability is due to matters within or outside the court's control. Certainly from the defendant's point of view, sentencing by a different judge does not become an insignificant deviation simply because unavailability is due to retirement rather than an administrative transfer.

We agree with *Dunn*'s view that a plea bargain does not "carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench." (*Dunn, supra*, 176 Cal.App.3d at p. 575.) However, *Dunn* only states the obvious and does not further explain why unavailability due to resignation, retirement, etc. should negate an implied term of the bargain and prevent the defendant from withdrawing the plea, even though sentencing by a different judge is a significant deviation from the plea bargain. Moreover, even if at the time of the plea a defendant knows, or should know, that the same judge will not impose sentence if he or she retires, resigns, dies, etc., *Dunn* does not explain why a defendant could not still reasonably expect the chance to withdraw the plea if that happened.

Instead of giving an explanation, *Dunn* suggests a justification. As noted, *Dunn* opines that although the prosecution should bear the risk of unavailability due to matters within the court's control—i.e., an administrative transfer as occurred in *Arbuckle*—there is no "good" reason the prosecution should bear the risk of unavailability due to matters outside the court's control, such as resignation, retirement, death, etc. (*Dunn, supra*, 176 Cal.App.3d at p. 575.) However, *Dunn* does not explain why in the first instance the prosecution should bear the risk of unavailability due to matters *within* the court's control; and if there is a "good" reason, *Dunn* does not explain why it would not also apply when unavailability is due to matters *outside* the court's control. Nor does *Dunn* offer a "good" reason why *the defendant* should bear the risk of unavailability in the latter situation.

*Dunn*'s risk assessment approach implies that the equities between the parties differ depending on whether unavailability is due to matters within or outside the court's control. However, we fail to see how the equities might favor either party when unavailability is due to matters outside *both* parties' control. For this reason, we do not consider risk assessment to be helpful in determining when a defendant should be able to withdraw the plea. In our view, the issue is simply whether sentencing by a different judge constitutes

a significant deviation from the terms of the plea bargain. If it is, then the defendant should not be held to the bargain and must be allowed to withdraw the plea.

Nevertheless, assuming for purposes of argument that *Dunn's* exception to *Arbuckle* is valid, we find the exception inapplicable. Although Judge Ball's unavailability was due to matters *outside* the court's control, it was due to matters wholly within the prosecution's control—i.e., its peremptory challenge. *Dunn* did not address this situation and does not suggest that the prosecution should not have to bear the risk of unavailability caused by its own election to remove the original judge. On the contrary, we find it both reasonable and appropriate for the prosecution to bear the risk under those circumstances.

The People argue that removing a judge via a peremptory challenge renders the judge unavailable in the same way that retirement, resignation, death, etc. do: In each situation, the judge is not able to exercise judicial power. We find this argument unpersuasive.

As noted, in articulating its exception to *Arbuckle*, *Dunn* stated that the same judge will sentence the defendant only "if that judge then still actively exercises judicial power." (*Dunn, supra*, 176 Cal.App.3d at p. 575.) The context in *Dunn* gives the court's language its meaning and scope. There, the court was focusing on unavailability due to matters such as retirement, death, incapacitation, and permanent removal from the bench, which prevent a judge from actively exercising judicial power under *any* circumstances. Although Judge Ball could not sentence defendant, he was still actively exercising judicial power in other cases. We doubt the *Dunn* court intended its language to cover this situation, and we can think of no good reason it should be extended to do so.

*Dunn's* inapplicability, however, does not end our discussion of defendant's claim. We point out that the prosecution had a statutory right to challenge Judge Ball. Thus, this case involves a conflict between that right and defendant's *Arbuckle* rights. To resolve it, we examine and balance the rights of each party and the burden on each if the other's right takes precedence.[5]

As stated, the requirements of due process apply not only to the procedure of accepting the plea bargain but also to the implementation of the bargain

---

[5]A similar issue was recently decided in *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 805-809 [123 Cal.Rptr.2d 31, 50 P.3d 743]. There, the trial court granted the defendant's motion to suppress evidence and dismissed the case. Under Penal Code section

itself. Thus, a violation of the bargain gives rise to a constitutional right to some remedy. (*People v. Mancheno, supra,* 32 Cal.3d at p. 860.) *Arbuckle* rights protect a defendant's reasonable expectation under the plea bargain concerning who will impose sentence. Moreover, by permitting the defendant to withdraw the plea if that judge is unavailable, *Arbuckle* rights also protect the fundamental rights that a defendant forfeits in entering a plea, including the right to a jury trial, to confront and cross-examine the People's witnesses, and to be free from compelled self-incrimination. (See *People v. Gurule* (2002) 28 Cal.4th 557, 634 [123 Cal.Rptr.2d 345, 51 P.3d 224].)

■ The right to exercise a peremptory challenge is also "a substantial right and an important part of California's system of due process that promotes fair and impartial trials and confidence in the judiciary." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 61 [116 Cal.Rptr.2d 616]; *Truck Ins. Exchange v. Superior Court* (1998) 67 Cal.App.4th 142, 144 [78 Cal.Rptr.2d 721].) Code of Civil Procedure section 170.6 guarantees "to litigants an extraordinary right to disqualify a judge. The right is 'automatic' in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required. [Citations.]" (*McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268], original italics, overruled on other grounds in *Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209], and *Doan v. Commission on Judicial Performance* (1995) 11 Cal.4th 294, 325 [45 Cal.Rptr.2d 254, 902 P.2d 272].)

Thus, for example, the prosecutor here submitted an affidavit declaring that "the Honorable John T. Ball, Judge of the Superior Court of the County of Santa Clara, before whom the hearing in the aforesaid action is pending, is prejudiced against the People of the State of California, County of Santa Clara in this matter and against their attorney and the interest of the People of the State of California, County of Santa Clara so that this affiant cannot or believes she cannot have a fair and impartial hearing before the Honorable John T. Ball." (See Code Civ. Proc., § 170.6, subd. (5) [standard content for affidavit].)

---

1538.5, subdivision (j), the prosecutor was allowed to refile the charges and relitigate a renewed motion to suppress. However, under Penal Code section 1538.5, subdivision (p), "[r]elitigation of the motion shall be heard by the same judge who granted the motion at the first hearing *if the judge is available.*" (Italics added.) In *Jimenez*, the prosecution sought to avoid this provision by exercising a peremptory challenge and thereby rendering the original judge unavailable. However, the California Supreme Court prohibited this maneuver, explaining that it would encourage forum shopping by the prosecution and, in effect, nullify Penal Code section 1538.5, subdivision (p).

**(1d)** Although the rights of both parties derive from constitutional sources, the burden on each if the other party prevails and, more importantly, the fairness of that burden are much different. If the prosecution can remove the original judge without potential consequences—i.e., withdrawal of the plea—then the prosecution, in effect, can nullify an implied term of the plea bargain. Moreover, the defendant has no option but to accept sentencing by a different judge. Thus, the defendant remains bound by his or her decision to waive trial and enter a plea, but the prosecution retains all of its benefits under the bargain. In our view, it is unfair for the prosecution to nullify a promise that helped induce a plea and still fully enjoy the benefits of that plea.

On the other hand, if the defendant is allowed to withdraw the plea when the prosecution elects to challenge the original judge, the prosecution has two options. It can forgo a challenge and retain the benefits of the plea bargain. Although it must then accept sentencing by a judge it believes is prejudiced, we find any unfairness mitigated by the fact that the judge is still bound by terms of the bargain negotiated by the prosecution. (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047-1048 [57 Cal.Rptr.2d 179].) **(1e)** Presumably, when the prosecution accepted the bargain, the prosecutor knew and accepted the scope of judicial discretion it permitted and the range of possible sentences the court could impose. Under these circumstances, the opportunity for a judge who has been reversed to rule unfairly is quite limited.[6]

In any event, the prosecution has a second option: It can remove the judge. Of course, the defendant might respond by withdrawing the plea, and as a result, the prosecution would have to go to trial. However, making the prosecution do what it was required to do before the plea was negotiated—prove guilt beyond a reasonable doubt at trial—does not appear to be an *unfair* consequence of its decision to remove the judge and nullify part of the plea bargain. This is especially so because the prosecution can protect itself in advance from the withdrawal of a plea by requiring an *Arbuckle* waiver as a condition of the bargain. (See, e.g., *People v. Mikhail, supra,* 13 Cal.App.4th at p. 851.)

---

· [6]At oral argument, the People asserted that Code of Civil Procedure section 170.6, subdivision (2) creates a presumption that a judge who has been reversed will be prejudiced against the successful appellant. We disagree.

The statute, quoted at length in footnote 2, *ante,* states in detail when a party may exercise a peremptory challenge and in doing so, reveals a legislative intent to prevent a party from using a challenge to disrupt a trial after it has commenced. Consistently with this intent, however, the statute permits a challenge after trial, where a ruling or final judgment has been reversed on appeal and the matter is remanded to the same trial judge. Given the intent of the statute and the context of this latter provision, we do not infer an additional legislative intent to establish a presumption of prejudice.

On balance, we consider the unfairness to a defendant when the prosecution removes the original judge to be far greater than the unfairness to the prosecution when the defendant withdraws the plea. We further consider the burden on the prosecution when the defendant withdraws the plea to be justified by the need to protect the defendant's right to the benefits of his plea bargain and the fundamental rights waived in entering a plea. Consequently, we hold that because defendant was not allowed to withdraw his plea after the prosecution removed Judge Ball, sentencing by Judge Teilh violated his plea bargain. Therefore, under *Arbuckle*, defendant's sentence "cannot be allowed to stand." (*Arbuckle, supra*, 22 Cal.3d at p. 757.)

### III. *Formal Sentencing Hearing*

Because there is a possibility that on remand the matter could proceed directly to resentencing before Judge Ball, we address defendant's claim that he is entitled to a full sentencing hearing.

In our written decision in the writ proceeding, we directed the lower court as follows: "Let a peremptory writ of mandate issue directing respondent court to vacate its order dismissing two prior serious felony convictions, and to enter a new and different order reinstating those convictions and resentencing real party in interest Mark Duane Letteer as a person who has suffered two or more prior serious felony convictions pursuant to [Penal Code] section 667, subdivision (e)(2). Our temporary stay order shall remain in effect until his decision is final." (*People v. Superior Court (Letteer), supra*, H020324.)

■ The People argue that we merely "directed the sentencing court to perform a ministerial task that did not allow for the exercise of further discretion." Thus, since continued litigation of the sentence was barred, defendant had no right to a formal sentencing hearing at which he could present additional evidence. We disagree.

The writ proceeding and our subsequent opinion addressed only the propriety of the court's order dismissing two strikes. We did not discuss any other issues concerning Judge Ball's sentence or sentencing on remand, including the court's discretion to deem defendant's current conviction for

simple possession of methamphetamine a misdemeanor.[7] (See Pen. Code, § 17; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973 [60 Cal.Rptr.2d 93, 928 P.2d 1171].)

Indeed, in argument before Judge Teilh, defense counsel asserted that the court had "several sentencing options available, including the [Penal Code] Section 17 option . . . ." Judge Teilh's response reveals that he correctly understood the purport of our disposition. After quoting it he explained, "Pursuant to that I do make an order reinstating the convictions that had been previously dismissed, that prior serious felony convictions, and I feel that the matters before me now are to sentence the defendant as though he had never been sentenced before, which still leaves me the options that you've indicated; however, after reading the probation report and all of the files that are in here, which were quite voluminous incidentally, including the two reports by [a psychological evaluator], I don't feel that the Court would entertain anything having to do with the *Romero* case on these matters."

We now reverse the judgment and remand for further proceedings, including resentencing. Although the court is bound by our previous writ decision (see *People v. Stanley* (1995) 10 Cal.4th 764, 786 [42 Cal.Rptr.2d 543, 897 P.2d 481] [doctrine of law of the case applies to determinations made in writ proceedings]) and by the terms of the plea bargain, it retains discretion and all sentencing options under applicable law and must conduct a full hearing that includes the defendant's right to present evidence relevant to the sentencing determination.[8] (See *In re Cortez* (1971) 6 Cal.3d 78, 88 [98 Cal.Rptr. 307, 490 P.2d 819]; see, e.g., *People v. Buckhalter* (2001) 26 Cal.4th 20 [108 Cal.Rptr.2d 625, 25 P.3d 1103].)

---

[7]Simple possession of methamphetamine is a wobbler: "a special class of crime which could be classified and punished as a felony or misdemeanor depending upon the severity of the facts surrounding its commission." (*People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 360, fn. 17 [45 Cal.Rptr.2d 107]; see Pen. Code, § 17; Health & Saf. Code, § 11377, subd. (a) [providing punishment "by imprisonment in a county jail for a period of not more than one year or in state prison"].)

[8]Our reference to "applicable law" includes the provisions of Proposition 36, an initiative entitled the Substance Abuse and Crime Prevention Act of 2000 (the Act), which was enacted at the General Election on November 7, 2000, and became effective on July 1, 2001. (See Pen. Code, § 1210 et seq.) Proposition 36 dramatically changed the penal consequences for those convicted of nonviolent drug possession offenses. Generally, such offenders must be placed on probation for mandatory drug treatment instead of being sent to prison. Under the circumstances, we need not specifically address the various claims defendant makes in his supplemental opening brief concerning the applicability of Proposition 36, and we express no opinion concerning whether defendant is eligible under the provisions of the Act.

## IV. *Disposition*

The judgment is reversed. The matter is remanded for resentencing before Judge Ball.[9] If Judge Ball is unavailable, then the defendant shall be allowed to withdraw his plea.[10]

Premo, Acting P. J., and Elia, J., concurred.

---

[9]We take judicial notice of the fact that Judge Ball has retired from the Santa Clara County Superior Court but continues to sit by assignment. (See Evid. Code, § 452, subd. (g); e.g., *People v. Strunk* (1995) 31 Cal.App.4th 265, 275, fn. 12 [36 Cal.Rptr.2d 868].)

[10]Because we find the doctrine of law of the case applicable, we decline to address defendant's claim that we erred in concluding that Judge Ball abused his discretion in declining to dismiss two prior strike convictions.

Moreover, given our disposition, we need not address defendant's constitutional challenge to the sentence imposed by Judge Teilh as cruel and unusual punishment.