Filed 12/9/25  P. v. Lant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C101318 |
| Plaintiff and Respondent, | (Super. Ct. No. SCCR-CRF-2018-1446-2) |
| v. | |
| JESI RAY LANT, | |
| Defendant and Appellant. | |

A defendant's negotiated plea agreement includes an implied term that the same judge who accepted the plea and who retains sentencing discretion will preside at sentencing.  (*People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757 (*Arbuckle*).)  Assuming the defendant does not waive that right, if internal court administrative practices render it impossible for the judge who accepted the plea to sentence the defendant, the defendant must be given the option of proceeding before a different available judge or withdrawing the plea.  (*Id*. at p. 757 and fn. 5.)

However, the *Arbuckle* rule does not apply when a judge's unavailability arises from circumstances clearly beyond the court's administrative power, such as the judge's

1

retirement, resignation, illness, or death. (*People v Dunn* (1986) 176 Cal.App.3d 572, 575 (*Dunn*); contra, *People v. Letteer* (2002) 103 Cal.App.4th 1308, 1315-1316 (*Letteer*), disapproved on another ground in *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1258, fn. 6.)

Defendant Jesi Ray Lant contends the trial court violated his right under *Arbuckle* when it denied his motion to withdraw his no contest plea and sentenced him after the judge who had accepted his plea recused herself and later retired and was not available for sentencing.

We disagree with defendant's contention and affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

On July 19, 2019, Judge Karen L. Dixon accepted defendant's plea of no contest to three counts of first degree residential burglary and one count each of grand theft, failure to appear, attempted second degree commercial burglary, and misdemeanor petty theft. (Pen. Code, §§ 459; 487, subd. (a); 1320, subd. (b); 459/664; 484, subd. (a); undesignated section references will be to the Penal Code.) As part of his plea, defendant admitted a prior strike conviction, a prior serious felony conviction, and that he had committed three of the offenses while he was out of custody on bail. (§§ 667, subds. (a)(1), (b)-(i); 1170.12, subd. (a)-(d); 12022.1.) Defendant expressly did not waive his right under *Arbuckle* to have Judge Dixon sentence him.

The plea agreement required defendant to enter and complete a 12-month residential treatment program. If he completed the program, the trial court would accept his *Romero*[1] motion to strike his strike, making him eligible for probation.

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

Approximately two months after accepting defendant's plea, the trial court learned defendant had left the treatment program. The court issued a bench warrant, with bail set at $100,000.

More than one year later, on December 28, 2020, the trial court was notified that defendant was in custody in San Joaquin County. He would be released on his own recognizance due to COVID population control and to appear in Siskiyou County at a hearing on February 3, 2021.

Defendant appeared at the February 3 hearing. The court continued the hearing at counsel's request to allow defendant time to meet with his assigned counsel. Defendant stated it took him about a month to get the money he needed for gas to drive from Stockton where he lived to Siskiyou County. The court set the hearing for March 3, 2021. It ordered defendant to be present unless he gave his attorney authorization pursuant to section 977 to appear for him.

Counsel appeared for defendant at the March 3, 2021, hearing pursuant to a "977 waiver." Counsel stated defendant did not have transportation to Siskiyou County that day. The court continued the hearing to March 24, 2021, but defendant again did not appear because he did not have transportation. The court ordered defendant to appear for sentencing on May 12, 2021, but it continued that hearing upon learning defendant was going to appear by CourtCall and Judge Dixon had requested he appear personally. The next sentencing, set for June 30, 2021, was continued to September 1, 2021, due to Judge Dixon's absence.

A different judge presided over the September 1 hearing, but Judge Dixon was standing by. Defendant did not appear, and the court issued a warrant with bail set at $100,000.

Defendant appeared at a hearing on September 8, 2021, on a motion to recall the bench warrant. Counsel stated defendant did not appear at the prior hearing due to car

3

trouble. Judge Dixon was not available, and the court continued sentencing to October 27, 2021.

Judge Dixon presided at the October 27 hearing. Defendant was present. Counsel argued that despite leaving the treatment program, defendant had achieved all the court's other objectives in granting the plea. He had stable housing and a job, was sober, and had had no criminal law contact. The court stated it had no evidence supporting counsel's assertions. Counsel asked for the opportunity to provide evidence, but the court said it was going forward with sentencing that day. The court denied defendant's *Romero* motion. But after hearing from defendant, the court announced it would give counsel one opportunity to provide documentation supporting her claims. It continued the hearing to December 15, 2021. The October 27 hearing would be defendant's last hearing before Judge Dixon.

The court continued the December 15 hearing because defense counsel was in another trial. The court continued the hearing held on January 19, 2022, because Judge Dixon was not present and counsel was in trial. Defendant did not appear at hearings set for March 23 and March 30, 2022. On March 30, the court issued a bench warrant with bail set at $100,000. It reissued the warrant on October 5, 2022.

Defendant appeared at a hearing on May 3, 2023. Judge Dixon was not available. The court ordered defendant to appear for sentencing on June 14, 2023.

Defendant appeared at the June 14 hearing, and the court referred him to probation for a new report. The judge presiding at the hearing announced there were "some procedural issues" regarding Judge Dixon, and the court would refer the matter to her to determine if she could proceed with sentencing or if she had a basis to recuse herself.

On June 16, 2023, Judge Dixon recused herself from the case in the interest of justice. (Code Civ. Proc., § 170.1, subd. (a)(6)(A)(iii).)

At an October 18, 2023, sentencing hearing before Judge T.J. Linville, defendant did not appear despite having been ordered to appear. Counsel argued the court should

4

set the case for pretrial because Judge Dixon had recused herself, but the court set the matter for sentencing on December 13, 2023, ordered defendant to appear, and directed counsel to brief whether another judge could sentence defendant due to the *Arbuckle* judge's recusal. The court stated, "[I]f I drop dead tomorrow and any of the pleas that were no Arbuckles that means we just start over? That makes no sense." Judge Linville presided at all of defendant's remaining hearings.

Defendant did not appear at the December 13 hearing. The court issued a no-bail bench warrant. But at a hearing on March 5, 2024, defendant appeared via video conferencing from the San Joaquin County jail as an inmate. During the hearing, the court addressed *Arbuckle*, stating, "There is no Arbuckle issue. Judge Dixon took the plea. Judge Dixon is unavailable. And so Arbuckle is no longer [an] issue. [¶] And I've invited briefing on the issue. I haven't received it. From my perspective Arbuckle is not -- is not in play."

At the next hearing on March 26, 2024, defense counsel again raised the *Arbuckle* issue and asserted that Judge Dixon, who had retired by this time, was still sitting on some calendars. The court stated that because Judge Dixon had recused herself and had also retired, "she is unavailable for all purposes which means any judge can step in and take over." The court ordered defendant remanded into the Siskiyou County Sheriff's custody upon his release from San Joaquin County.

Remanded into custody, defendant appeared for sentencing on April 23, 2024. Defense counsel argued that if defendant's *Arbuckle* right could not be honored, he would request to withdraw his plea. The court stated there was no case authority holding that once an *Arbuckle* judge is recused from the case, the defendant's *Arbuckle* right trumps the recusal. The court also stated that counsel would have a difficult time establishing that defendant could not have been sentenced by Judge Dixon prior to her recusal. She had been on the bench a number of different times, and sentencing did not occur in part

5

because defendant did not appear. Nonetheless, the court continued sentencing to allow counsel to file a written motion to withdraw the plea.

Defendant subsequently filed a motion to withdraw his plea. He argued that while *Arbuckle* may not apply when a judge is unavailable, Judge Dixon allegedly had been available since retirement and had adjudicated civil matters in Siskiyou County when requested. Defendant asserted that if she declined to adjudicate this matter, the simplest solution was to allow him to withdraw his plea.

On May 28, 2024, the trial court denied the motion to withdraw the plea. It sentenced defendant to a prison term of 16 years, eight months: the middle term of four years on one of the residential burglary counts, doubled to eight years for the prior strike, plus consecutive terms on all remaining counts.

Defendant filed a notice of appeal that day, and the trial court denied his request for a certificate of probable cause.

### DISCUSSION

In *Dunn, supra*, 176 Cal.App.3d 572, a panel of this court held that the *Arbuckle* promise implied in negotiated pleas does not apply where the judge who accepted the plea is unavailable for sentencing due to matters beyond the court's power to control. (*Id*. at p. 575.) In *Dunn*, the trial judge had retired by the time of sentencing. (*Id*. at p. 574.) Writing for the court, Presiding Justice Puglia stated: "While it is established that the implied term of a negotiated plea first recognized by *Arbuckle* will override competing administrative practices of the court, it is clear to us that a negotiated plea does not carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench pending imposition of sentence. The People appropriately bear the risk of a judge's unavailability due to matters within the control of the court, but no good reason appears why they should bear the risk that the judge before whom defendant plead is no longer vested with judicial power to pass sentence. To the implied

6

term recognized by *Arbuckle* that the judge accepting the plea will impose sentence must be added an implied condition: if that judge then still actively exercises judicial power." (*Id*. at p. 575.) The court held, "that *Arbuckle* does not apply in a case where the judge's unavailability is due not to internal administrative problems or convenience of the court but to retirement of the judge, a matter clearly beyond the power of the court to control." (*Ibid*.)

The trial court here correctly determined consistent with *Dunn* that because Judge Dixon had recused herself and retired before sentencing, she was unavailable for sentencing due to matters beyond the court's administrative control, and *Arbuckle* no longer applied.

Defendant contends *Dunn* was wrongly decided. Assuming *Dunn* correctly implies a condition that the judge who took the plea will sentence the defendant if the judge still has judicial power, defendant argues that *Dunn* ignores *Arbuckle's* requirement that the defendant also be allowed to withdraw the plea instead of being forced to waive the *Arbuckle* right and be sentenced by a different judge. Defendant asserts the trial court did not have discretion to violate the plea agreement.

Reyling on *Letteer, supra*, 103 Cal.App.4th 1308, a case from the Sixth District Court of Appeal that disagreed with *Dunn*, defendant asserts that the reason a judge becomes unavailable is immaterial. *Letteer* stated, "We agree with *Dunn's* view that a plea bargain does not 'carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench.' [Citation.] However, *Dunn* only states the obvious and does not further explain why unavailability due to resignation, retirement, etc. should negate an implied term of the bargain and prevent the defendant from withdrawing the plea, even though sentencing by a different judge is a significant deviation from the plea bargain. Moreover, even if at the time of the plea a defendant knows, or should know, that the same judge will not impose sentence if he or she retires,

7

resigns, dies, etc., *Dunn* does not explain why a defendant could not still reasonably expect the chance to withdraw the plea if that happened.

"[¶] . . . [¶]

"In our view, the issue is simply whether sentencing by a different judge constitutes a significant deviation from the terms of the plea bargain. If it is, then the defendant should not be held to the bargain and must be allowed to withdraw the plea." (*Letteer, supra*, 103 Cal.App.4th at pp. 1317-1318.)

We respectfully disagree with *Letteer*. By its own admission, the opinion expands the implied covenant beyond what *Arbuckle* established. (*Letteer, supra*, 103 Cal.App.4th at pp. 1315-1316.) In *Arbuckle*, the judge who accepted the defendant's plea was transferred to another department of the superior court, and a different judge sentenced the defendant. (*Arbuckle, supra*, 22 Cal.3d at p. 753.) The California Supreme Court ruled that as a matter of fact the plea bargain was made in expectation of and in reliance upon sentence being imposed by the same judge. (*Id.* at p. 756.)

The high court also declared that such a condition was to be implied in every plea agreement to the extent the judge is unavailable due to the court's administrative processes. The court stated, "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]

"Because the defendant has been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand. [Citations.] The defendant is entitled to be sentenced by [the judge who accepted the plea], or *if internal court administrative practices render that impossible*, then in the alternative defendant

8

should be permitted to withdraw his plea." (*Arbuckle, supra*, 22 Cal.3d at pp. 756-757, italics added, fn. omitted.)

In a footnote, the Supreme Court further explained that the implied term protected a defendant's right when a court's administrative practices rendered the judge unavailable: "We recognize that in multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months. However[,] a defendant's reasonable expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took his plea and ordered sentence reports *should not be thwarted for mere administrative convenience*. If the original judge is not available for sentencing purposes after a plea bargain, the defendant must be given the option of proceeding before the different judge available or of withdrawing his plea." (*Arbuckle, supra*, 22 Cal.3d at p. 757, fn. 5.)

*Arbuckle* did not address the facts before us. Judge Dixon, who had accepted the plea, was unavailable to sentence defendant when sentencing finally occurred not due to internal court administrative practice or administrative convenience, but because she had recused herself from hearing the case and subsequently retired. Nothing in *Arbuckle* extended its holding to these facts. "It is elementary that the language used in any opinion is to be understood in the light of the facts and the issue then before the court. [Citation.] Further, cases are not authority for propositions not considered." (*McDowell & Craig v. City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38.)

The *Arbuckle* court defined the implied right as protecting the defendant's reasonable expectation of being sentenced by the judge who accepted the plea, including when that judge is not available due to circumstances within the court's control. (*Arbuckle, supra*, 22 Cal.3d at pp. 756-757 and fn. 5.) "*Arbuckle* was addressing the relatively minor inconvenience in those situations where the trial judge had been reassigned a few weeks after the plea was taken, and then must be reassigned to impose sentence." (*People v. Martinez* (2005) 127 Cal.App.4th 1156, 1160.) The *Arbuckle* right

9

did not promise that the defendant could withdraw the plea if the judge was unavailable due to circumstances beyond the court's control. Thus, contrary to *Letteer's* assertion, *Dunn* does not negate the implied term. The expanded term defendant and *Letteer* argue is implied was not part of the bargain.

Other appellate opinions have recognized consistent with *Dunn* that *Arbuckle* does not apply in cases where the judge is unavailable due to circumstances beyond the trial court's administrative control. In *People v. Watson* (1982) 129 Cal.App.3d 5 (*Watson*), a case on which *Dunn* relied, the defendant negotiated a plea of guilty on condition the imposition of sentence would be suspended and he would be placed on probation. (*Id*. at p. 6.) When the defendant appeared for formal revocation of probation, he moved to withdraw his plea on the basis the judge who had accepted the plea had died, and under *Arbuckle* he was entitled to withdraw his plea. (*Id*. at pp. 6-7.)

The Court of Appeal held that *Arbuckle* did not extend to that situation: "*Arbuckle* and the cases applying it [citations] involve situations where the original judge was unavailable for sentencing due to internal administrative scheduling problems. *Arbuckle* speaks only of such situations and it is doubtful whether its mandate would apply when, as here, the judge is unavailable due to his death." (*Watson, supra*, 129 Cal.App.3d at p. 7.) "Defendant would have us hold that if probation is revoked years after the bargain is kept and sentence technically imposed for the first time, he is entitled to have the same judge who accepted the plea impose 'the sentence.' We decline to reach such an absurd result." (*Id*. at p. 8.)

The court in *People v. Jackson* (1987) 193 Cal.App.3d 393 (*Jackson*), reached the same conclusion. The defendant contended she was entitled to withdraw her jury trial waiver under *Arbuckle* because the trial judge was not available to impose sentence. (*Id*. at p. 402.) Since the trial had concluded, the trial judge had not sat on the bench, had applied for disability retirement, and was not likely to return to the bench. (*Id*. at p. 397.) Assuming the reasoning of *Arbuckle* applied even though the case did not involve a plea

bargain, the Court of Appeal relied on *Dunn* to hold that the *Arbuckle* right did not apply where the judge was unavailable due to circumstances beyond the court's control. (*Id*. at pp. 402-403.) Where the judge had not been on the bench due to illness and was not expected to return, the defendant was not entitled under *Arbuckle* to withdraw her waiver of a jury trial. (*Id*. at p. 403.)

More recently, the court in *People v. Hsu* (2008) 168 Cal.App.4th 397 (*Hsu*), disapproved on another ground in *K.R. v. Superior Court* (2017) 3 Cal.5th 295, 313, footnote 10 (*K.R.*), followed *Dunn*. The *Hsu* defendant failed to appear for sentencing until he was arrested 15 years after the trial court had accepted his plea. (*Hsu*, at p. 401.) By then, the judge who had accepted his plea had retired from the bench, and a different judge sentenced the defendant. (*Ibid*.) The defendant claimed he was entitled to withdraw his plea under *Arbuckle*, but the Court of Appeal said he was not. (*Id*. at pp. 408-409, 412.) Relying on *Dunn*, *Watson*, and *Jackson*, the court ruled that the defendant could not rely on the judge's unavailability to withdraw his plea when the judge's unavailability was the result of the defendant's failure to appear at the originally scheduled sentencing and his fleeing to avoid sentencing. (*Hsu,* at pp. 409-410, 412.)

Defendant cites to *K.R., supra*, 3 Cal.5th 295, the case that overruled *Hsu*, to support his contention that he should be allowed to withdraw his plea in these circumstances. But as with *Arbuckle*, the California Supreme Court in *K.R.* did not address the issue raised here. In *K.R.*, the Supreme Court disapproved *Hsu* and other reported opinions to the extent they had held that a defendant's ability to enforce the *Arbuckle* right was dependent on the defendant first making a factual showing that he or she subjectively intended the judge taking the plea to also pronounce sentence. (*Id*. at pp. 298, 313, fn. 10.) *Hsu* had found that the evidence established that the defendant in that case entered his plea with the expectation that the judge who accepted his plea would impose sentencing. (*Hsu, supra*, 168 Cal.App.4th at p. 408.)

11

However, the holdings in *Hsu* as well as *Dunn* and its progeny are not based on the rule *K.R.* disapproved. Rather, they are based on the holding in *Arbuckle* that the implied promise applies only when a judge is unavailable due to circumstances within the court's control. Even in *K.R.*, the Supreme Court recognized *Arbuckle's* limitation to a court's administrative processes. The court reviewed its holding in *People v. Rodriguez* (2016) 1 Cal.5th 676, 691, where it had used *Arbuckle* as an analogy for interpreting a defendant's right under section 1538.5, subdivision (p), to have the same judge who initially granted his first suppression motion to hear a new motion if the judge is available. (*K.R., supra*, 3 Cal.5th at p. 311.) The court analogized to *Arbuckle* to explain that "a showing of more than mere inconvenience is necessary before a judge can be deemed unavailable" under section 1538.5, subdivision (p). (*Rodriguez*, at p. 692.) The *K.R.* court stated that had *Arbuckle* not applied as a general rule to all plea bargains, the court in *Rodriguez* would not have "approved of *Arbuckle's* handling of administrative concerns." (*K.R.*, at p. 311.) *K.R.* does not help defendant.

Another ground separate from *Dunn* supports the trial court's decision not to allow defendant to withdraw his plea. A defendant may cause the failure of the *Arbuckle* condition when he fails to appear for sentencing. (See *Hsu, supra*, 168 Cal.App.4th at p. 412; *Jackson, supra*, 193 Cal.App.3d at pp. 396, 403.) If the defendant absents himself from when the *Arbuckle* judge is presiding over sentencing, he bears the risk in the first instance that the judge may not be available for sentencing at another time due to circumstances beyond the court's administrative control. (*Ibid.*)

The Attorney General contends defendant lost his right under *Arbuckle* to have Judge Dixon sentence him by failing to appear when she was available for sentencing, and defendant delayed the matter until she was no longer available.

Defendant argues the Attorney General has forfeited this argument. He did not oppose defendant's motion to withdraw his plea or make this argument to the trial court. Defendant also asserts the argument raises questions of fact concerning whether he

committed misconduct by not appearing, and that those questions cannot be resolved for the first time on appeal.

Generally, we may affirm a trial court's judgment on any correct theory or basis presented by the record whether or not relied upon by the trial court. (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 252, fn. 1.) Thus, a respondent may assert a new theory on appeal to establish that the judgment was correct under that theory unless doing so would unfairly prejudice the appellant by denying him the opportunity to litigate an issue of fact. (*Espinoza v. Superior Court* (2022) 83 Cal.App.5th 761, 778, fn. 7, disapproved on another ground in *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310.)

Here, there is no prejudice to defendant because the prosecution is not required to prove defendant engaged in misconduct by not appearing. At a minimum, defendant's unexplained failure to appear for sentencing on March 30, 2022, and his lack of contact with the court for another year were sufficient grounds for imposing on him the risk of losing his *Arbuckle* right without us having to determine whether his absence constituted some level of misconduct. In *Jackson, supra*, 193 Cal.App.3d at page 403, the Court of Appeal held that of "equal import" to the *Arbuckle* judge not being available for sentencing due to disability was the defendant's failure to appear for sentencing. The defendant in that case failed to appear for sentencing on January 31, 1986, approximately seven weeks after trial concluded, and the court issued a bench warrant. (*Id*. at p. 396.) The defendant appeared seven weeks later on March 7, 1986, and following numerous continuances, the defendant was sentenced on July 10, 1986. (*Ibid*.)

The *Jackson* court held that had the defendant not failed to appear for sentencing when ordered, she would have in fact been sentenced by the *Arbuckle* judge. (*Jackson, supra*, 193 Cal.App.3d at p. 403.) Without making a finding of misconduct, the court ruled that because defendant had not appeared for sentencing when ordered, the defendant bore the risk of the *Arbuckle* judge not being available "in the first instance." (*Ibid*.) So it is here.

13

On at least three occasions, defendant either did not appear or he sought and received a continuance when Judge Dixon was available to sentence him. Defendant was ordered to appear for sentencing on September 1, 2021. On September 1, Judge Dixon was standing by to sentence defendant, but defendant did not appear, and the court issued a bench warrant. One week later, the court recalled the warrant based on counsel's representation that defendant had experienced car trouble on September 1.

On October 27, 2021, defendant appeared before Judge Dixon for sentencing, but sentencing did not occur. Counsel argued that although defendant did not return to the treatment center, he had managed to live a law abiding life and accomplished the goals treatment would have sought. The court stated there was no evidence before it to support counsel's assertions. Defense counsel asked for an opportunity to provide documentation, but the court announced it was going forward with sentencing. Defendant then asked to speak. Defendant stated he had gone from being homeless and thieving to obtaining a job and having a fiancé, had had no contact with law enforcement, and had previously completed a drug treatment program. The court then gave defendant one opportunity to provide any documents to explain why granting a *Romero* motion would be just, and it continued the hearing. This would be the last time defendant appeared before Judge Dixon.

Ultimately, sentencing was scheduled to occur before Judge Dixon on March 30, 2022, on threat of a bench warrant being issued. Although a different judge presided at the hearing when defendant did not appear, there is no indication in the record that Judge Dixon was not standing by or otherwise unavailable for sentencing on March 30. Defense counsel stated she had spoken with defendant a week prior when the matter was continued to the 30th, but since then he had not followed up with her. The trial court issued a bench warrant with bail set at $100,000. It reissued the warrant approximately six months later on October 5, 2022. Defendant did not appear until May 3, 2023, more than a year after he had been ordered to appear for sentencing on March 30, 2023.

14

Defendant failed to appear on the dates set for sentencing when Judge Dixon was available to sentence him. At the latest, defendant could have been sentenced by Judge Dixon on March 30, 2022, but he did not appear. By not appearing, defendant bore the risk that Judge Dixon might not be available to sentence him in the future due to circumstances beyond the court's control, and he is precluded from relying on the *Arbuckle* condition to seek withdrawal of his plea. (*Hsu, supra*, 168 Cal.App.4th at p. 412; *Jackson, supra*, 193 Cal.App.3d at p. 403.)

We thus conclude the trial court did not err when it denied defendant's motion to withdraw his plea. We continue to hold consistent with *Dunn* that *Arbuckle's* implied covenant does not apply when, as here, the judge who accepted the plea is unavailable for sentencing due to reasons beyond the court's administrative control. Defendant also bore the risk of Judge Dixon not appearing after he failed to appear for sentencing before her.

## DISPOSITION

The judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
MESIWALA, J.