[Crim. No. 26490. Second Dist., Div. Three. Feb. 23, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES THOMAS URIBE, Defendant and Appellant.

**COUNSEL**

Calvin M. Young III, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Nancy A. Saggese, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ALLPORT, J.**—By information defendant was charged with selling heroin in violation of Health and Safety Code section 11352. He pled not guilty and the cause was set for trial by jury in department 2 before Judge Charles S. Stevens, Jr. Following waiver of his constitutional rights to jury trial, confrontation of witnesses and self-incrimination, the matter was submitted on the preliminary hearing transcript together with certain appropriate stipulations of fact. Defendant was found guilty as

charged and the matter continued for sentencing in the same department to January 10, 1975. By order of Presiding Judge Floyd C. Dodson the sentence hearing order was vacated and the matter advanced for probation-sentence hearing in department 1 on December 16, 1974. After a continuance to December 23, 1974, and, following denial of a written motion for an order reassigning the case for sentencing or in the alternative setting aside the conviction, the matter came on for hearing in department 1 where Judge Dodson sentenced defendant to state prison.

Defendant appeals from the judgment contending that, by denying his motion to transfer for sentencing, he was deprived of due process afforded him by rule 305[1] because his agreement to submit the cause on the preliminary hearing transcript was conditioned upon being sentenced by Judge Stevens. The appeal lies. (Pen. Code, § 1237, subd. 1.)

*Discussion*

We view the procedure adopted by counsel as being an attempt to dispose of the matter by way of a plea bargain without judicial sanction. Other things being equal we would be quick to condemn the attempted disposition as being "judicial forum shopping" not to be condoned by this court. However, the existence of rule 305 in this case requires us to consider the propriety of the disposition in greater depth.

Certainly counsel were entitled under rule 305 to rely upon defendant's being sentenced in the trial department if the cause was ". . . actually tried to verdict or decision in his trial department. . . ." Thus a question was immediately presented as to whether, under this rule, the submission on the preliminary transcript and certain stipulations of fact constituted a trial to decision before Judge Stevens or whether such was a "disposition by plea" in which case ". . . the probation sentence hearing shall be conducted by the presiding judge. . . ." Apparently counsel for both sides considered the submission to be a trial within the meaning of the rule. Judge Stevens apparently concurred in such interpretation of

[1]Rule 305 of Rules of the Santa Barbara County Superior Court provides in pertinent part: "In those cases where reference is made to the Probation Department for investigation and report after disposition by plea whether entered before the presiding judge or a judge of a trial department, the probation sentence hearing shall be conducted by the presiding judge or the Santa Maria supervising judge unless he is, for some reason, disqualified, in which event, same shall be transferred for hearing in another department between 9:00 and 9:50 a.m. Otherwise, judges of the trial departments shall hear probation sentence hearings only in those cases actually tried to verdict or decision in his trial department, in which case such probation sentence hearing shall be calendared for the appropriate short cause calendar."

the rule because he set the sentence hearing in his department. This interpretation of the rule by counsel concurred in by the trial judge was not unreasonable despite the statement in *In re Mosley,* 1 Cal.3d 913, 924-925 [83 Cal.Rptr. 809, 464 P.2d. 473] (cert. den., 400 U.S. 905 [27 L.Ed.2d 142, 91 S.Ct. 144]), and other cases that a submission on a transcript can be ". . . tantamount to a plea of guilty. . . ." *Mosley* dealt with the validity of a guilty plea in the absence of defendant's personal waiver of constitutional rights and did not involve a definition of a "trial" within the meaning of rule 305. The reasonableness of the interpretation adopted in the instant case finds support in the rationale and language of the Supreme Court in *Bunnell* v. *Superior Court,* 13 Cal.3d 592, 602, 605 [119 Cal.Rptr. 302, 531 P.2d 1086], wherein it was said:

"A defendant who submits his case for decision on the basis of the transcript of the preliminary examination agrees that the transcript may be considered in lieu of the personal testimony of the witnesses who appeared at the preliminary hearing. His trial is therefore 'entered upon' when the stipulation to submit the case is accepted by the court. That acceptance is analogous to the swearing of a witness or the reception of evidence and, for purposes of placing the defendant in jeopardy, has the same effect. This is true whether or not the submission is 'tantamount to a plea of guilty' and thus requires that the defendant be advised of the constitutional rights he thereby waives (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Gallegos* (1971) 4 Cal.3d 242 [93 Cal.Rptr. 229, 481 P.2d 237]), and irrespective of whether the submission is made pursuant to a bargained-for agreement. Notwithstanding such agreements or the fact that conviction is a foregone conclusion, a submission of the cause for decision on the transcript is a trial.[4] [Fn. omitted.]"

"The distinction heretofore established between submissions that are 'tantamount to a plea of guilty' and those in which the defendant actively contests his guilt has also unnecessarily burdened trial courts with the task of attempting to determine in advance of the acceptance of the submission whether guilt is apparent, acknowledged, or contested. We have concluded that in order to relieve trial courts of this burden and in order to give maximum assurance that defendants are fully aware of the significant rights that they surrender in any submission and of the possible consequences thereof, such defendants shall be fully advised of these rights and consequences and that the record shall reflect such

advice, waivers, and acknowledgment by the defendant of his understanding of these consequences in all submissions.

"Therefore, although some of our requirements are not constitutionally compelled, we have concluded that effective upon the date on which this opinion becomes final, in all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. It shall also demonstrate that he understands the nature of the charges. Express waivers of the enumerated constitutional rights shall appear. In cases in which there is to be a submission without a reservation by the defendant of the right to present evidence in his own defense he shall be advised of that right and an express waiver thereof taken. If a defendant does not reserve the right to present additional evidence and does not advise the court that he will contest his guilt in argument to the court, the defendant shall be advised of the probability that the submission will result in a conviction of the offense or offenses charged. In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, registration requirements, if any (e.g., § 290; Health & Saf. Code, § 11590), and, in appropriate cases the possibility of commitment pursuant to Welfare and Institutions Code, sections 3050, 3051, or 6302." While not bound by *Bunnell,* we consider the opinion in that case enlightening of the problem presented in the instant case and controlling of decisions in this area in the future. ■ We conclude therefore that, under the circumstances in the case at bench, the submission of the cause on the preliminary hearing transcript was a trial within the meaning of rule 305. This being so defendant had a reasonable expectation of his being sentenced, for better or worse, by the trial judge, in this instance, Judge Stevens.

While not apparent from the record made in the trial court, sentencing by Judge Stevens was the motivating factor in defendant's agreement to submit on the transcript. On hearing of the motion to reassign for sentencing facts were presented to Judge Dodson by way of a declaration of defense counsel and the oral testimony of Jack A. Otero, deputy district attorney, which made the basis for the submission abundantly clear. It appears therefore that Judge Dodson was aware that the attempted disposition of the cause was by way of plea bargain and that sentence by Judge Stevens was the consideration to be given defendant for his agreement to submit on the transcript. Because of the sanctity

afforded defendant's rights under a plea bargain (*People* v. *Flores*, 6 Cal.3d 305, 308-309 [98 Cal.Rptr. 822, 491 P.2d 406]), and the reasonableness of his right to believe that he would be sentenced by Judge Stevens, we are forced to conclude that the denial of the motion to reassign the case for sentencing was the result of an abuse of discretion compelling reversal of the sentence imposed by Judge Dodson.

While the record is devoid of any facts giving rise to a belief that a sentence by Judge Stevens would have been or will be of any greater benefit to defendant than that imposed by Judge Dodson, the technically sound contentions advanced in his behalf can only be legally resolved by securing to him a sentence imposed in accordance with rule 305 regardless of the substance thereof.

The judgment of conviction is affirmed. The sentence is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Cobey, Acting P. J., and Potter, J., concurred.