[Crim. No. 30847. Second Dist., Div. Two. Mar. 1, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL JOSEPH PRECIADO, Defendant and Appellant.

## COUNSEL

Seymour Weisberg under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Roger W. Boren, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Daniel J. Preciado appeals from the judgment of conviction entered following his guilty plea to possession for sale of marijuana. (Health & Saf. Code, § 11359.) Pursuant to stipulation, appellant submitted on the transcript of the preliminary hearing a motion to suppress evidence under Penal Code section 1538.5. The motion was denied. Appellant then withdrew his initial plea of not guilty and as a result of a plea bargain pleaded guilty to the information. The only term of this agreement was appellant's stipulation for the appointment of Giles B. Jackson, a court commissioner, as judge pro tempore for purposes of sentencing. Criminal proceedings were adjourned and

Commissioner Jackson committed appellant to the Department of Corrections for a diagnostic study pursuant to Penal Code section 1203.03 and for a supplemental probation report. Before criminal proceedings were resumed, Commissioner Jackson was appointed to the municipal court. The case was assigned to another superior court judge who denied appellant's application for probation and sentenced him to state prison.

CONTENTION ON APPEAL:

As in his statement of probable cause, appellant contends that the search and seizure were unlawful and that the superior court erred in sentencing him contrary to the terms of his plea bargain.

DISCUSSION:

Of appellant's several contentions, the only one which merits discussion in a published opinion is the contention relative to the failure of the court to honor the plea bargain. That contention is meritorious and we reverse the judgment of conviction.

*Reviewability on appeal.*

■ A certificate of probable cause pursuant to Penal Code section 1237.5 is usually required to allow an appeal after a plea of guilty. No such certificate was issued here. Nonetheless, the plea bargain issue is recognizable on appeal in this case.

"[S]ection 1237.5 does not apply where a defendant does not challenge the original validity of the plea but asserts that errors were committed in proceedings subsequent to the plea for the purpose of determining the penalty to be imposed. [Citations.] This exception is now also expressly recognized in rule 31(d). Because the alleged breach of the plea bargain by the prosecutor occurred after entry of the plea and because it pertains only to sentencing, this claim comes within this exception. [Citations.]" (*People* v. *Kaanehe,* 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)

This court agrees that appellant's claim likewise comes within the exception to the extent that the court below failed to effectuate the plea bargain after it was accepted and insofar as it pertains only to sentencing. However, such error as may have occurred in the court's failure to advise appellant pursuant to the mandatory provisions of section 1192.5 of his

right to withdraw his plea in the event Judge Jackson was not available to sentence him occurred before the entry of the plea, affects its validity, and thus cannot be raised on appeal without a certificate of probable cause, which was not obtained. (*Kaanehe, supra,* 19 Cal.3d at p. 8.)

At the time appellant entered his plea the deputy district attorney made a statement to appellant in open court. The part of the statement that is important here is ". . . There are no promises in this matter except that Judge Donnellan has promised you through your lawyer that if you plead Guilty, you'll be sentenced by Commissioner Jackson . . . ." That term of the plea bargain was not met.

■ Appellant contends that the court violated the terms of the plea bargain in that the sentence was imposed by someone other than Commissioner Jackson, and that this case is an appropriate occasion for specific enforcement of the agreement. For the reasons expressed in *People* v. *Kaanehe, supra,* 19 Cal.3d 1, we do not agree that specific enforcement is appropriate. However, we conclude that since the only term of the bargain was violated, albeit wholly inadvertently, the sentence must be vacated and appellant allowed to withdraw his guilty plea and to enter a new plea.

The *only* term of the plea bargain was that then-Commissioner Jackson impose the sentence; and it was for his discretion that appellant bargained. Appellant properly argues that he received neither the benefit of the bargain nor the opportunity to withdraw his plea when he was sentenced by Judge Leetham. The imposition of sentence by Judge Leetham rather than by Judge Jackson was a unilateral, though entirely inadvertent, violation of the single term of the agreement.

In the instant case, as in *People* v. *Newton,* 42 Cal.App.3d 292 [116 Cal.Rptr. 690], there was a different judge and a different deputy district attorney at the sentencing than at the proceeding where the plea bargain was accepted. Defense counsel had an opportunity before sentence was imposed to draw the court's attention to the existence of the agreement, which he rather indirectly attempted to do when he said: ". . . defendant raised the point and also it occurred in Judge Munnell's court, this matter was supposed to be heard by a commissioner, the commissioner was elevated to municipal court." Counsel then requested a transfer back to Judge Donnellan, who had accepted the plea bargain, but this was denied.

Appellant's failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so. "Since he was never advised of his rights under section 1192.5, he should not be held to have waived them." (*People* v. *Johnson*, 10 Cal.3d 868, 872 [112 Cal.Rptr. 556, 519 P.2d 604].)

■ The plea bargain in this case was improper; the district attorney had no authority to promise that a particular judge would impose sentence.[1] The "promise" to a defendant that a particular judge will handle any particular matter in the future is improper. This type of arrangement encourages "judge-shopping," an evil that should be prevented.

Notwithstanding our strong disapproval of the plea bargain before us, we find that the undeniable departure from its only term constituted a breach of the agreement; and the appellant must be permitted to withdraw his guilty plea and replead if he so desires.

■ The other contention on appeal is insubstantial and does not merit lengthy discussion in a published opinion. Briefly that contention is that the viewing and warrantless seizure of contraband (marijuana) which was clearly and without dispute in open sight in appellant's apartment should have been suppressed. That contention is totally without merit. The police were called in good faith by a neighbor who saw burglars leaving and carrying out two large boxes from appellant's apartment. The police responded to the call to investigate the burglary. No one answered from the burgled apartment; the manager let them in. The circumstances showed a possibility that there might have been a victim within the apartment. Further investigation about that was proper. (*People* v. *Roberts*, 47 Cal.2d 374, 378 [303 P.2d 721].) The police entered in good faith seeking to investigate, not expecting or seeking to find contraband. The accidental discovery of the contraband while in lawful performance of their duty to protect life and property is not grounds to claim unjustified entry or unlawful seizure. (*Harris* v. *United States*, 390 U.S. 234 [19 L.Ed.2d 1067, 88 S.Ct. 992]; *People* v. *Block*, 6 Cal.3d 239 [103 Cal.Rptr. 281, 499 P.2d 961]; *People* v. *McGrew*, 1 Cal.3d

---

[1]Actually the deputy said that the judge had promised that appellant would be sentenced by Commissioner Jackson. The effect, however, and certainly the understanding by appellant was that this was the promise of the People. The judge has no authority and should not make advance promises of this sort. He may participate in the process to assure proper observance of the interests of all and to assure that both parties sufficiently understand the promises and proceedings.

404 [82 Cal.Rptr. 473, 462 P.2d 1].) The order denying the motion to suppress was correct.

*Horack* v. *Superior Court,* 3 Cal.3d 720 [91 Cal.Rptr. 569, 478 P.2d 1], cited by appellant is distinguishable. The police in *Horack* were unable to verify the reliability of the informant because she left the scene before the officers arrived. The police were able to see the interior of the house and to observe it was empty. There were no physical indications of unauthorized entry. In the instant case, the deputies verified the informant's reliability by an interview at the scene; they observed the muddy footprints and open window; and they were unable to see inside the apartment. Therefore, the deputies were reasonably unable to exclude the possible necessity for rendering emergency aid to a person in distress within the apartment.

For the reasons set forth above we conclude that the court was correct in denying the motion to suppress. However, because the terms of the plea bargain clearly were not met, the judgment of conviction is reversed and the case is remanded to give appellant an opportunity to withdraw his guilty plea and to enter a new plea.

Fleming, Acting P. J., and Compton, J., concurred.