[No. A122142. First Dist., Div. Five. Sept. 8, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY J. McINTOSH, Defendant and Appellant.

536

## COUNSEL

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BRUINIERS, J.**—Shortly after commencement of a jury trial, Jeffrey J. McIntosh entered pleas of no contest to three felony charges and 11 other felony and two misdemeanor charges were dismissed as part of a negotiated disposition. A condition of the plea was that imposition of sentence would be suspended and McIntosh would be placed on probation on condition that he serve a year in county jail. The parties anticipated that a visiting judge who accepted the plea agreement would be able to sentence defendant, but by the time of sentencing that judge was no longer available. McIntosh sought to withdraw his plea on multiple grounds, including a contention that he was entitled to withdraw the plea under *People v. Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220] *(Arbuckle)*. The motions were denied. We affirm.

■ We hold that when sentencing discretion is expressly constrained by the terms of a plea agreement and the judge who accepted the plea becomes unavailable for reasons beyond the court's or the prosecutor's control, the defendant is not automatically entitled to withdraw his or her plea under *Arbuckle* in the absence of evidence that exercise of individualized judicial discretion was a material element of the consideration for the plea agreement.

## I. BACKGROUND

On March 10, 2006, McIntosh was charged by information with 12 felony and two misdemeanor sexual offenses against his developmentally disabled adult sister-in-law.[1] On the morning of September 12, 2007, a jury was sworn to try the case. That afternoon, the parties reached a plea agreement before the Honorable Robert Barclay, a retired superior court judge sitting on assignment with the Solano County Superior Court.

Pursuant to the plea agreement, McIntosh pleaded no contest to three felony counts of sexual battery by restraint (Pen. Code, § 243.4, subd. (a))[2] and all other counts were dismissed. It was stipulated that imposition of sentence would be suspended and McIntosh would be placed on probation for three years on the condition that he serve one year in county jail[3] and that he have no contact with the victim or her immediate family, with the exception of the victim's sister (McIntosh's estranged wife) as permitted by family court custody orders. He also would be subject to a lifetime civil restraining order prohibiting contact with the victim and her parents, and he would be

---

[1] McIntosh waived preliminary hearing on the felony complaint.

[2] All statutory references are to the Penal Code unless otherwise indicated.

[3] McIntosh also was advised that he would be subject to imprisonment for a term of up to six years in the event he violated the terms of his probation.

required to register as a sexual offender pursuant to section 290. At the time of the plea, the court advised McIntosh that he would be subject to additional conditions of probation including that he (1) obey all laws; (2) pay a restitution fine between $200 and $2,000; and (3) pay victim restitution in an amount to be determined at a later hearing. Time was waived for sentencing, the matter was referred to the probation department for a presentencing report, and the case was calendared for November 8, 2007, when it was anticipated that Judge Barclay, as well as both counsel, would be available. On the original sentencing date, for reasons not set forth in the record provided to us, the matter was continued to December 27, again before Judge Barclay.

On December 12, 2007, McIntosh's attorney informed the court that McIntosh wished to withdraw his plea on the ground of ineffective assistance of counsel. He asked the court to continue the sentencing hearing and to appoint new counsel. The court appointed the public defender to represent McIntosh and continued the matter to January 24, 2008. The minute order notes that the case would continue to be heard before Judge Barclay. On March 13, 2008, Judge Barclay ordered the sentencing "off calendar" to allow the public defender additional time to file a motion to withdraw the plea. The matter was again continued to April 28, 2008, for a hearing on the motion, with the hearing department identified as "TBA."

McIntosh filed a motion to withdraw his plea on March 14, 2008, contending that he was never advised that a direct consequence of his plea was lifetime sex offender registration, and asserting that he would not have entered the plea had he been so advised. (See *People v. Zaidi* (2007) 147 Cal.App.4th 1470 [55 Cal.Rptr.3d 566].)

On April 1, 2008, Presiding Judge Ramona Garrett, by "In-Chambers Criminal Minute Order" reassigned this matter to Judge Peter B. Foor "for all purposes" on the basis that "[t]his Court has recently learned that Judge Barclay will be unavailable to sit on assignment for a number of months due to personal matters."

At the April 28, 2008 motion hearing before Judge Foor, McIntosh's counsel acknowledged that Judge Barclay would no longer be able to handle the case, and argued that McIntosh was thus entitled to withdraw his plea under *Arbuckle*. At continued motion hearings on May 8, 2008, and June 10, 2008, he argued the change violated an implied term of his plea agreement. Judge Foor observed that "The judge who originally took this plea was a . . . retired visiting judge . . . [who] is no longer being permitted to hear cases. There is no possible way that this can go back in front of him. He simply is not available," and "Judge Barclay was a retired judge at the time this plea

was entered, sitting here by assignment from the chief justice, and now the assignment is no longer in place. Judge Barclay is not available."

At the conclusion of an evidentiary hearing, the court rejected McIntosh's contention that his plea was involuntary.[4] The *Arbuckle* motion was continued for briefing and further argument. On July 16, 2008, the court denied the motion on the basis that *Arbuckle* did not apply because Judge Barclay's unavailability was due to circumstances beyond the court's control, citing *People v. Dunn* (1986) 176 Cal.App.3d 572 [222 Cal.Rptr. 273] (*Dunn*).

The court then proceeded to sentence McIntosh in accordance with the terms of the plea agreement. As provided in the plea agreement, the court suspended imposition of sentence and placed McIntosh on probation for three years on condition that he serve one year in county jail. The other probation conditions specified in the plea agreement were also imposed. The court denied defense counsel's request for alternatives to custodial sentencing "such as an electronic bracelet." Over defense counsel's objections, the court imposed the following additional conditions of probation not expressly specified in the plea agreement: submit to warrantless searches and seizures; not possess firearms or ammunition; not possess pornography or have Internet access to pornography; and have no contact with females under 18 years old without a responsible adult present. The court imposed a $220 restitution fine (§ 1202.4), a $200 stayed probation revocation fine (§ 1202.44), a $200 lewd crimes fee (former § 290.3, as amended by Stats. 1995, ch. 91, § 121, p. 346), and a $20 security surcharge fee (former § 1465.8).

McIntosh filed a notice of appeal and the court granted a certificate of probable cause on the sole issue now before us, "[w]hether defendant was denied his rights under *People v. Arbuckle*[, *supra*,] 22 Cal.3d 749 to be sentenced by the same judge who took his no contest plea or, alternatively, to have his plea set aside because of the unavailability of that judge (Hon. Robert Barclay) to sentence defendant."

## II. DISCUSSION

McIntosh argues that under *Arbuckle, supra*, 22 Cal.3d 749 and *People v. Letteer* (2002) 103 Cal.App.4th 1308 [127 Cal.Rptr.2d 723] (*Letteer*), he had an automatic right to withdraw his plea once Judge Barclay became unavailable for sentencing. The People argue that *Arbuckle* is inapplicable because

---

[4] Testimony was taken from, among others, McIntosh's trial counsel and the defense investigator contradicting McIntosh's assertion that he had not been advised that his plea would result in a lifetime obligation to register as a sex offender. McIntosh also testified consistent with his declaration in support of his motion. The court found that McIntosh had been advised of the lifetime registration requirement. While included in his notice of appeal, McIntosh does not pursue that issue here.

(1) Judge Barclay did not retain sentencing discretion under the terms of the plea agreement, and (2) under *Dunn, supra,* 176 Cal.App.3d at page 575, *Arbuckle* does not apply when a judge becomes unavailable for sentencing for reasons beyond the court's control.

■ In *Arbuckle,* as discussed *post,* our Supreme Court specifically dealt with a situation in which "internal court administrative practices" made it impossible or impracticable for the judge who accepted the defendant's plea to impose sentence. (*Arbuckle, supra,* 22 Cal.3d at p. 757.) Court of Appeal decisions subsequent to *Arbuckle,* including *Letteer* and *Dunn,* have grappled with the question of whether *Arbuckle* rights apply when the sentencing judge becomes unavailable for reasons beyond the court's control. We find the reasoning in *Dunn* more persuasive and hold that, at least in circumstances where sentencing discretion is constrained by the terms of a plea agreement and the sentencing judge becomes unavailable for reasons beyond the court's or the prosecution's control, the defendant is not entitled to withdraw his or her plea in the absence of evidence that exercise of individualized judicial discretion was a material element of the plea agreement.

## A. Arbuckle *and the Problem of Unavailability*

In *Arbuckle,* the defendant argued that a term of his plea agreement was violated because he was sentenced by a different judge from the judge who took his plea. (*Arbuckle, supra,* 22 Cal.3d at p. 753.) Because of delays caused by motions and a writ petition brought by the defendant himself in relation to the sentencing, by the time of the sentencing hearing the judge who took the defendant's plea had been reassigned to a different department. (*Ibid.*) The defendant claimed that sentencing by the same judge was an implied term of his plea agreement that he had the right to specifically enforce. (*Id.* at pp. 756–757.) The Supreme Court, in a relatively brief discussion, agreed that the change of the sentencing judge violated an implied term of the plea agreement and that the defendant was entitled to a remedy. (*Ibid.*)

■ First, the court held that "the plea bargain herein was entered in expectation of and in reliance upon sentence being imposed by the same judge." (*Arbuckle, supra,* 22 Cal.3d at p. 756.) As factual support for this finding, the court cited "the judge's repeated use of the personal pronoun when referring to sentencing in the proceeding in which the plea bargain was accepted." (*Ibid.*) The court added, "As a general principle, moreover, whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular

judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (*Id.* at pp. 756–757.)

Second, the court held that the defendant had the right to enforce this "inherently significant" term of the plea agreement: "The defendant is entitled to be sentenced by [the judge who took his plea], or if internal court administrative practices render that impossible, then in the alternative defendant should be permitted to withdraw his plea." (*Arbuckle, supra,* 22 Cal.3d at p. 757.) In a footnote, the court added, "We recognize that in multi-judge courts, a judge hearing criminal cases one month may be assigned to other departments in subsequent months. However a defendant's reasonable expectation of having his sentence imposed, pursuant to bargain and guilty plea, by the judge who took his plea and ordered sentence reports should not be thwarted for mere administrative convenience. If the original judge is not available for sentencing purposes after a plea bargain, the defendant must be given the option of proceeding before the different judge available or of withdrawing his plea." (*Id.* at p. 757, fn. 5.)

*Arbuckle* was not premised on constitutional or statutory mandates, but rather on contract principles, speaking to a "defendant's expectations and reliance on the plea bargain's implied terms." (*People v. Martinez* (2005) 127 Cal.App.4th 1156, 1159 [26 Cal.Rptr.3d 234]; see also *People v. Vargas* (2001) 91 Cal.App.4th 506, 533 [110 Cal.Rptr.2d 210] [a plea bargain is essentially a contract governed by contractual principles].) *Arbuckle* "created a limited exception to the fungibility of superior court departments." (*Martinez,* at p. 1159.)

Subsequent to *Arbuckle,* Courts of Appeal have disagreed about whether a defendant necessarily has the right to withdraw his or her plea when the expected sentencing judge becomes unavailable for reasons outside the court's control. *Dunn,* relied on by the People here and cited by the trial court below, holds that "*Arbuckle* does not apply in a case where the judge's unavailability is due not to internal administrative problems or convenience of the court but to retirement of the judge, a matter clearly beyond the power of the court to control." (*Dunn, supra,* 176 Cal.App.3d at p. 575.) Three other published decisions similarly conclude that *Arbuckle* does not apply where a judge's unavailability is beyond the court's or prosecutor's control. (*People v. Watson* (1982) 129 Cal.App.3d 5, 7 [180 Cal.Rptr. 759] (*Watson*) [questioning without substantive analysis whether *Arbuckle* applies other than in cases of administrative inconvenience; judge had died]; *People v. Jackson* (1987) 193 Cal.App.3d 393, 403 [238 Cal.Rptr. 327] (*Jackson*) [following *Dunn*;

judge had become disabled and was unlikely to return to court]; *People v. Hsu* (2008) 168 Cal.App.4th 397, 409–410 [85 Cal.Rptr.3d 566] *(Hsu)* [following *Dunn*; judge had retired].) Unlike *Dunn*, however, these three cases discuss the issue in dicta. *(Watson*, at pp. 7–8 [*Arbuckle* inapplicable to sentencing after revocation of probation]; *Jackson*, at pp. 402–403 [*Arbuckle* inapplicable because defendant did not enter a plea agreement]; *Hsu*, at pp. 409, fn. 7, 412 ["Crucial to our determination is that fulfillment of this condition remained entirely within Hsu's control"; judge unavailable because defendant failed to appear for sentencing and was rearrested and sentenced 15 years later].)

The Sixth District Court of Appeal in *Letteer* criticized *Dunn*'s reasoning as inconsistent with the rationale of *Arbuckle*. (*Letteer, supra*, 103 Cal.App.4th at pp. 1315–1318, disapproved on another ground in *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1258, fn. 6 [135 Cal.Rptr.2d 639, 70 P.3d 1054].) "[W]e fail to see how the equities might favor either party when unavailability is due to matters outside *both* parties' control." (*Letteer*, at p. 1317.) "In our view, the issue is simply whether sentencing by a different judge constitutes a significant deviation from the terms of the plea bargain. If it is, then the defendant should not be held to the bargain and must be allowed to withdraw the plea." (*Id.* at pp. 1317–1318.) The court went on to conclude that sentencing by the original judge represented an "inherently important factor" in the decision to enter a plea bargain and "that sentencing by a different judge constitutes a significant deviation *regardless* of whether unavailability is due to matters within or outside the court's control." (*Id.* at p. 1317.)

*Letteer* was in turn criticized by this district in *Hsu*, finding *Letteer*'s objections to *Dunn* "unfounded." (*Hsu, supra*, 168 Cal.App.4th at p. 409, fn. 7.) The discussion in *Letteer* also is dicta as to the issue before us, however, because the unavailability of the judge there was caused by the prosecutor's exercise of a peremptory challenge, a "matter[] wholly within the prosecution's control." (*Letteer, supra*, 103 Cal.App.4th at p. 1318.)

B. *Application of* Arbuckle *to the Facts of This Case*

■ "As many courts have recognized, *Arbuckle* does not stand for the blanket proposition that under all circumstances, a defendant is entitled to assert his or her right to have the same judge who presided over the plea hearing also preside over the sentencing hearing." (*Hsu, supra*, 168 Cal.App.4th at p. 409.) "It is not always an implied term of a plea bargain that the judge who accepts the plea will impose the sentence; rather, the record must affirmatively demonstrate some basis upon which a defendant

may reasonably expect that the judge who accepts the plea will retain sentencing discretion. [Citation.]" (*People v. Ruhl* (1985) 168 Cal.App.3d 311, 315 [214 Cal.Rptr. 93].)

While the record is clear that both the prosecution and defense anticipated that Judge Barclay would continue to be available to hear this case, and that he would impose sentence were he available to do so, there is nothing in the record which would indicate that Judge Barclay's "propensity in sentencing" was a material consideration for McIntosh in entering his plea, or that Judge Barclay would have been in a position to exercise any significant sentencing discretion given the constraints of the plea agreement. Certainly McIntosh made no such contention either by declaration or in his testimony at the evidentiary hearing below.[5] At the time sentence was imposed, the only significant element of judicial discretion that McIntosh's counsel invoked was a request for an alternative to the agreed-upon custodial term of one year in the county jail, "such as an electronic bracelet," which the prosecution opposed as inconsistent with (though not precluded by) the terms of the plea.[6] McIntosh does not, however, show that he would have been eligible for any alternative sentencing in the first instance,[7] and McIntosh makes no such assertion here, arguing instead that per se reversal is required.

We agree with the view expressed in *Letteer* that ultimately the issue is simply whether sentencing by a different judge constitutes a "significant deviation from the terms of the plea bargain," permitting a defendant to withdraw the plea. (*Letteer, supra,* 103 Cal.App.4th at p. 1318.) We disagree, however, with the conclusion in *Letteer* that *Dunn* is inconsistent with the rationale of *Arbuckle,* and we are not persuaded by the reasoning in *Letteer* that sentencing by a different judge from the judge accepting the plea is an "inherently important factor" that *always* "constitutes a significant deviation" from the plea agreement. Neither the holding in *Arbuckle* itself, nor the cases cited by the court in *Arbuckle* support such a sweeping statement. *Arbuckle* cites *People v. Preciado* (1978) 78 Cal.App.3d 144, 148 [144 Cal.Rptr. 102] (*Preciado*); *People v. Uribe* (1976) 55 Cal.App.3d 600, 604–605 [127 Cal.Rptr. 822] (*Uribe*); *People v. Newton* (1974) 42 Cal.App.3d 292, 298–299

---

[5] Counsel argued below that "the defendant entered the plea and reliance [*sic*] on the promise that this judge would sentence him," and asserted that McIntosh's original trial counsel "clearly understood that Judge Barclay was going to do the sentencing, and he clearly was not going to enter into an *Arbuckle* waiver . . . ." No evidentiary basis for either statement was provided to the court.

[6] McIntosh objected to certain conditions of probation (imposition of a search and seizure clause, prohibiting possession of any deadly or dangerous weapon, prohibiting possession of pornographic material, and restrictions on Internet use) as unsupported by the facts of the case. He did not, and does not, allege that the conditions were inconsistent with the plea agreement.

[7] Trial counsel conceded that McIntosh would not have been eligible for work furlough release from county jail.

[116 Cal.Rptr. 690] (*Newton*); and *People v. Kaanehe* (1977) 19 Cal.3d 1, 11 [136 Cal.Rptr. 409, 559 P.2d 1028] (*Kaanehe*). (*Arbuckle, supra*, 22 Cal.3d at p. 757.) In *Preciado*, the *only* condition of the felony plea agreement was a promise that the defendant would be sentenced by a particular commissioner who would sit by stipulation as a temporary judge for sentencing. (*Preciado*, at p. 146.) Before sentencing could take place, however, the commissioner became unavailable because he was appointed to the municipal court (then a different jurisdiction). (*Id.* at p. 147.) The defendant had the right to withdraw his plea because "it was for [the commissioner's] discretion that appellant bargained." (*Id.* at p. 148.) In *Uribe*, the court held that submission of a matter to a judge on a preliminary hearing transcript was a "trial" for purposes of invoking a local rule of court requiring sentencing by that judge, and thereby creating a reasonable expectation that the trial judge, who was unquestionably available, would impose sentence. (*Uribe*, at pp. 604–605.) *Kaanehe* and *Newton* dealt with violations by the prosecution of express terms of plea agreements and cite *Santobello v. New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495] for the well-established proposition that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello*, at p. 262; see *Kaanehe*, at p. 15; *Newton*, at p. 298.)

In *Arbuckle*, the sentencing issues included whether and where the defendant would be confined after receipt of a report from the Department of Corrections. (*Arbuckle, supra*, 22 Cal.3d at p. 752.) The sentencing judge was unavailable only for reasons of "administrative convenience" that were within the court's control. (*Id.* at p. 757, fn. 5.) It was in that context that the Supreme Court articulated the "general principle" that "whenever a judge accepts a plea bargain *and retains sentencing discretion under the agreement*, an implied term of the bargain is that sentence will be imposed by that judge." (*Id.* at pp. 756–757, italics added.) It also was in that context that the court held, "*Because of the range of dispositions available to a sentencing judge*, the propensity in sentencing demonstrated by a particular judge is an *inherently significant factor* in the defendant's decision to enter a guilty plea," and the defendant must be permitted to either enforce the term or withdraw his plea if the term was violated. (*Id.* at p. 757, italics added.) More generally, the Supreme Court has held that a deviation from the terms of a plea agreement is constitutionally impermissible *if* the variance is " 'significant' in the context of the plea bargain as a whole . . . . A punishment or related condition that is insignificant relative to the whole, such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861] [also citing *Santobello*].)

■ We believe the proper focus, as in *Arbuckle*, is the extent to which the court "retains sentencing discretion under the agreement" and whether exercise of that discretion by a particular judicial officer was an express or implied part of the bargain. A plea bargain does not "carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench . . . ." (*Dunn, supra*, 176 Cal.App.3d at p. 575.) Certainly where the judge who accepts a plea is otherwise available, there is a reasonable expectation that he or she will impose sentence, but should that become impossible through no fault of the court or the prosecution, rescission of the plea agreement should require an affirmative showing by the defendant that a material term of the agreement has been violated as a result, or that there has been a "significant deviation" from the terms of the plea agreement. A " 'negotiated plea agreement is a form of contract' " interpreted according to general contract principles. (*People v. Segura* (2008) 44 Cal.4th 921, 930 [80 Cal.Rptr.3d 715, 188 P.3d 649]; see *People v. Shelton* (2006) 37 Cal.4th 759, 767 [37 Cal.Rptr.3d 354, 125 P.3d 290].) Under principles of contract law, partial impossibility of performance by one party excuses the other party from performing under an agreement only if the term that cannot be performed was *material* to the agreement as a whole. (Rest.2d Contracts, §§ 237, 267.)

In this case McIntosh entered into a plea agreement that specified whether and where he would be confined. He understood that he would be placed on probation on the condition that he serve one year in county jail. The "range of dispositions available to [the] sentencing judge" (*Arbuckle, supra*, 22 Cal.3d at p. 757) was entirely circumscribed by the plea agreement. The only discretion left to the sentencing judge was to determine conditions of probation. On the record before us we find nothing that would indicate that exercise of that very limited discretion by Judge Foor rather than Judge Barclay was sufficiently material to permit defendant to withdraw his plea.

There may well be circumstances where the identity of the sentencing judge for the exercise of even limited discretion, including matters such as defining the conditions of probation, is so significant to a particular defendant that he or she would not enter into the agreement without that guarantee, and it is for that judicial officer's discretion that the defendant has bargained.[8] (See *Preciado, supra*, 78 Cal.App.3d at p. 148.) Those circumstances are certainly not expressly presented here, and on this record we find no basis to imply them.

---

[8] If the identity of the sentencing judge is truly a material element in a defendant's decision to enter a plea, it would be reasonable to expressly articulate this fact on the record at the time the plea is entered.

## III. Disposition

The judgment is affirmed.

Jones, P. J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2009, S177111. Kennard, J., was of the opinion that the petition should be granted.