Filed 4/29/14  P. v. Mullins CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063594 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238760) |
| CARL EUGENE MULLINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Reversed and remanded with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Carl Eugene Mullins entered into a plea agreement under which he pleaded guilty to assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b)) and admitted he

---

1      All further statutory references are to the Penal Code unless otherwise specified.

personally used a firearm (§ 12022.5, subd. (a)).  On appeal, Mullins contends the trial court violated the terms of the plea agreement and thus argues we should either grant him specific performance by ordering that he be given probation or that the case should be remanded to permit him to withdraw his guilty plea if he desires to do so.[2]  In response, the People contend the appeal must be dismissed for failure to obtain a certificate of probable cause (§ 1237.5) and that in any event, the sentence imposed should be affirmed.

Based on our review of this record, we agree with Mullins that this appeal challenges the court's compliance with the plea agreement and thus does not require a certificate of probable cause.  On the merits, we are satisfied the court breached a material term of the plea agreement; however we cannot grant specific performance by ordering probation.  Rather, the only remedy we can provide is to remand the case to the trial court with directions to permit Mullins to withdraw his guilty plea.

## FACTS AND PROCEDURAL BACKGROUND

In the early morning hours of January 1, 2012, Mullins was drunk and attempted to attend a New Year's Eve party at his apartment complex.  The victim told Mullins it was a private party and asked him to leave.  Twenty minutes later Mullins returned with a gun.  He hid outside and waited for the victim to leave.  When the victim came outside, Mullins pointed a gun at the victim and ordered him to the ground and the victim

---

[2]     Mullins also challenges the trial court's decision to deny probation as an abuse of discretion and contends the abstract of judgment should be amended.  Since we are remanding the case to the trial court to permit withdrawal of the guilty plea, there is no need to address these issues at this time.

complied.  Mullins was briefly distracted and the victim was able to run away and call the police.

The parties ultimately entered into a plea agreement.  Under the terms of the agreement, Mullins entered a plea of guilty to the assault with a firearm count and admitted the alleged use of a firearm.  In return for his plea and admission the remaining charges and allegations were dropped.  The promises to the defendant were "low lid of 6 years.  Ct will consider NOLT[3] or staying PC12022.5 punishment."

Translated from plea bargaining jargon, we interpret the plea agreement to provide the court would consider probation, would agree to a maximum sentence of six years, consisting of the low term for the assault and the low term for the firearm use, and the court would also consider striking the firearm use or staying its punishment.  The latter provision would mean the court would also consider a term of less than six years if probation was denied.

Mullins filed a motion to withdraw the plea based on ineffective assistance of counsel and also contended the plea agreement was void since the court had no legal ability to strike the firearm admission or to stay the punishment, thus one of the agreed sentencing considerations of the plea bargain could not happen.

The trial court denied the motion.  It found that although the court could not lawfully consider striking or staying the firearm enhancement, it could still impose a sentence of six years, the "low term lid."

---

3      NOLT indicates "no opposition to local time," presumably as a condition of probation.

The trial court denied probation, finding this was not an unusual case justifying probation and imposed a six-year prison term.

Mullins filed a timely notice of appeal, but did not seek or obtain a certificate of probable cause.

## DISCUSSION

### A. Breach of the Plea Agreement

Mullins contends the trial court materially breached the plea agreement which had included possible consideration of striking the admitted firearm use enhancement. He contends the agreement was breached because the trial court determined it lacked the authority to strike the firearm use allegation, effectively eliminating one of the promised considerations set forth in the plea agreement. The People contend we should not reach the issue because Mullins failed to obtain a certificate of probable cause and in any event the court complied with the plea agreement in that it considered probation and imposed the "lid" of six years. After our review we conclude the court failed to comply with the plea agreement because the legal restriction removed the possibility of a lesser prison sentence even if probation was denied. We are also satisfied that Mullins's appeal addresses the failure to comply with a plea agreement and therefore a certificate of probable cause was not necessary.

We reject Mullins's request for specific performance of the agreement in the form of an order requiring probation. We will reverse the conviction and remand the case to the trial court to permit Mullins to withdraw his plea, if he wishes to do so.

4

## B. Certificate of Probable Cause

When an appellant seeks to invalidate his or her guilty plea by appeal, the person must ordinarily first obtain a certificate of probable cause from the trial court. (§ 1237.5; *People v. Shelton* (2006) 37 Cal.4th 759, 766.) However, in a case where the appellant seeks to enforce a plea agreement or to challenge the court's failure to comply with the terms of the agreement a certificate of probable cause is not required. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1220; *People v. Preciado* (1978) 78 Cal.App.3d 144, 147-149.)

In this case, Mullins does not challenge the validity of his plea, but rather he claims the court failed to honor all the terms of the agreement and that he is entitled to specific performance of the bargain, insofar as he contends the court should have granted him probation. Since the court cannot comply with the middle alternative in the agreement, Mullins contends he is at least entitled to set aside the plea. Based on the record before us, we conclude a certificate of probable cause was not required to permit this appeal.

## C. Violation of the Plea Agreement

The court's sentencing agreement with Mullins was in effect that the court would in good faith consider three sentencing options. First the court would consider whether Mullins, who had no criminal history, should be granted probation with the potential for local custody. Mullins was next promised that if the court did not think probation was justified, it would consider striking the firearm use allegation, which would subject Mullins to a prison sentence of less than six years. Finally, if neither of the first two

options were deemed appropriate, the court would not sentence Mullins to prison for more than six years. It appears the court, in good faith, considered the first and third options but did not consider a middle alternative because the parties discovered prior to sentencing that the court had no power to consider a prison sentence without the enhancement.

The lack of the ability to consider the middle option deprived Mullins of an important sentencing option. Given the lack of criminal history, the fact nobody was injured and the fact Mullins was drunk at the time of the offense, it would not be unreasonable for a trial judge to find the offense did not warrant probation, but that a term of less than six years in prison would accomplish legitimate sentencing goals. Thus, we are satisfied Mullins lost a material term of his plea agreement because of the error of the parties and the court in fashioning a plea agreement with an illegal term.

Section 1192.5 provides that a defendant cannot be sentenced to a punishment more severe than that agreed upon by the parties. The People contend there was no violation because the court imposed the agreed upon maximum. While it is true the "lid" was not exceeded, it is also clear the court could not and did not carry out its promise to consider a lesser prison sentence. Thus the sentence imposed is in excess of what it could have been had the court been able to honor its promise to consider a lesser term of imprisonment, which concededly it did not do.

We review plea agreements under contract like principles in which we seek to determine and implement the intention of the parties. (*People v. Shelton, supra*, 37 Cal.4th at pp. 767-768; *People v. Toscano* (2004) 124 Cal.App.4th 340, 344.) Reviewing

6

this record it seems without dispute that Mullins bargained for, and the court promised, there would be a good faith sentencing process where he might avoid prison all together, but if that was not possible the court would consider a prison sentence less than the maximum under the agreement. That simply did not happen, and Mullins did not get the full benefit of his plea agreement.

## *D. The Remedy*

It is without dispute that the court cannot carry out the middle ground promise in this agreement. Mullins contends he is entitled to specific performance of his agreement. The first difficulty with the contention, even if specific performance might be considered by the court, it cannot be accomplished.

Mullins argues we should order the trial court to grant probation, however, the agreement did not promise a grant of probation, thus it is not a term we could enforce. The parties agreed that the court would consider probation, which we interpret to mean it would act in good faith in such consideration. Clearly the trial court complied with that term. Whether or not Mullins might think the court abused its discretion in the decision it made, it seems without dispute the court did consider probation.

As to the third sentencing option, the court clearly complied with that term because it imposed the "low term lid" for the offense plus the firearm allegation. Therefore the court complied with the third option.

The real problem is the court did not consider a lesser prison term because it could not do so. As all parties agree, the court still cannot consider striking the firearm use allegation because the court lacks the legal power do take such action. We are left

7

therefore with no term of the plea agreement for which we could order specific performance. (*People v. Brown, supra*, 147 Cal.App.4th at p. 1224.)

The only remedy available to Mullins for the violation of the plea agreement is to permit him to withdraw his guilty plea if he wishes to do so. (*People v. Renfro* (2004) 125 Cal.App.4th 223, 233.)

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court. If Mullins moves to withdraw his guilty plea within 30 days of the issuance of the remittitur by this court, the trial court is directed to vacate the guilty plea. In that event, on motion of the People, the original charges shall be reinstated and trial or other disposition shall proceed. If Mullins does not elect to withdraw his guilty plea within the specified time, the trial court shall conduct a new sentencing hearing and exercise its discretion to grant or deny probation or reinstate the sentence and amend its abstract of judgment as necessary.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

AARON, J.