Filed 3/30/15  P. v. Marchbanks CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076376 |
| Plaintiff and Respondent, | (Super. Ct. No. SF123915A) |
| v. | |
| JOSEPH WILLIAM MARCHBANKS, | |
| Defendant and Appellant. | |

Following his no contest plea to receiving stolen property (Pen. Code, § 496, subd. (a))[1] and his admission of a prior strike (§§ 667, subd. (d), 1170.12, subd. (b)) and a prior

---

[1] Undesignated statutory references are to the Penal Code.

prison sentence (§ 667.5), defendant Joseph William Marchbanks appeals alleging procedural irregularities in his sentencing. Specifically, defendant contends the trial court (1) violated his rights pursuant to *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*) when a different judge considered his motion to strike his prior strike conviction and sentenced him over his objection rather than permitting him to be sentenced by the judge who took his plea; and (2) violated his due process rights by sentencing him without permitting him to review the probation report. We agree and shall remand the matter for resentencing.

## PROCEDURAL BACKGROUND

Defendant was charged with two counts of first degree burglary (§ 459) and a single count of receiving stolen property (§ 496, subd. (a)). As to each count, it was alleged defendant had been convicted of a prior serious felony—residential burglary (§ 459)—within the meaning of sections 1170.12, subdivision (b) and 667, subdivision (d), and that defendant had served a prior prison term, within the meaning of section 667.5, subdivision (b). As to the burglary counts, it was also alleged defendant was a repeat offender within the meaning of section 667, subdivision (a)(1).

On January 31, 2014, Judge Stephen G. Demetras presided over defendant's change of plea hearing. Defendant's counsel recited the terms of the plea agreement, stating, "He'll enter a plea to [receiving stolen property] with the understanding he'd receive the midterm, which is two years. He would admit his prior strike and admit his prior prison term for a total of five years. We would ask that sentencing be put over so I can file a *Romero* motion."[2] The court asked if defendant wanted a referral to probation, and the judge added, "If I was going to be the sentencing judge, I would want to see that

_____

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (recognizing that a court has discretion to strike a defendant's prior strike conviction in certain circumstances pursuant to section 1385).

as well as the *Romero* motion." Defendant pleaded no contest to receiving stolen property and admitted the prior strike and prior prison term enhancement allegations. On the People's motion, the court dismissed the burglary counts in the interest of justice in view of defendant's plea. Defendant's counsel specifically informed the court that defendant had not waived his *Arbuckle* rights, and the clerk's minutes from that hearing indicate that sentencing was "to be heard by J/Demetr[a]s."

Defense counsel asked if Judge Demetras was available on February 28, 2014, to conduct sentencing, and he replied, "I can't promise a given date" but that "[S]he'll find me." So the court scheduled sentencing for February 28, stating, "If I'm not here, I'll be somewhere— [¶] . . . [¶] . . . —and we can roll it over for a day or two." Defendant filed the *Romero* motion, which the People opposed. The February 28, 2014 hearing was continued to April 21, 2014.

On that date, the matter came before Judge Franklin M. Stephenson for hearing on the *Romero* motion and for sentencing. Defendant informed the court that he had not waived his *Arbuckle* rights. However, the court responded that "it was a visiting judge, Judge Demetras, so therefore, it would not apply and I'm able to hear that this morning." Defense counsel argued that Judge Demetras "is available and he was here last week. So it's not like he's not available." But the court responded, "He's not available today. He's not on the schedule for today. It is set for sentencing. I have had an opportunity to review the change of plea transcript, as well as the points and authorities in support of the motion, and reading the transcript, it's indicated that Judge Demetras was going to impose the midterm, double because of the prior serious conviction, add the sentence prior for a total of five years [in] state prison. I would do the exact same thing here today." Defendant objected to having Judge Stephenson sentence defendant.

Judge Stephenson denied defendant's *Romero* motion. Defendant did not raise any objection when the court then asked if there was any reason why judgment should

not be pronounced.  The court indicated it was sentencing defendant to an aggregate term of five years in state prison (the middle term of two years for receiving stolen property, doubled to four years due to the prior strike conviction, and an additional year due to the prior prison sentence).

Defense counsel then informed the court that she had not received the probation report, and had not had an opportunity to review it with defendant.  The court offered defendant its extra copy and proceeded with sentencing.  Defense counsel then objected to sentencing because she had not received the probation report prior to sentencing.  The court put the matter over for sentencing on April 25, 2014, four days later, though it noted it was an agreed-upon disposition.  Defense counsel argued that Judge Demetras was going to take the probation report into consideration in deciding the *Romero* motion, and that was part of the basis of her objection to Judge Stephenson hearing the *Romero* motion and sentencing defendant.

## DISCUSSION

### I. *Arbuckle* Violation

Defendant contends his *Arbuckle* rights were violated when he was sentenced by a judge other than the judge who took his plea because he reasonably expected that judge would sentence him and his no contest plea "was clearly intertwined with that judge's willingness to consider his *Romero* motion with an open mind."  The People argue *Arbuckle* is inapplicable because the judge who took defendant's plea did not retain sentencing discretion under the terms of the plea agreement and was unavailable for reasons beyond the court's control.  We conclude *Arbuckle* applies because the judge who took the plea did retain sentencing discretion to strike defendant's prior strike conviction and the record does not support the conclusion that the visiting judge was unavailable for *Arbuckle* purposes.

4

"[W]henever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea." (*Arbuckle*, *supra*, 22 Cal.3d at pp. 756-757.) Where a "defendant has been denied that aspect of his plea bargain, the sentence imposed by another judge cannot be allowed to stand." (*Id.* at p. 757.)

Here, the People contend the court retained no sentencing discretion because the plea agreement included an agreed-upon disposition of five years. " 'Discretion is the power to make the decision, one way or the other.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) Though the plea agreement did contemplate a five-year prison sentence, it also contemplated defendant filing a *Romero* motion requesting the court to exercise its discretion to strike defendant's prior strike conviction, which would significantly reduce defendant's sentence. Indeed, sentencing was delayed so the *Romero* motion could be prepared and a probation report obtained so it could be considered in the context of the *Romero* motion. Thus, in accepting the plea agreement, Judge Demetras retained sentencing discretion, and having him impose sentencing and decide the *Romero* motion became an implied term of defendant's plea agreement.

The People also contend the judge who took the plea was not available. If a judge is no longer available to impose sentencing, "through no fault of the court or the prosecution," a defendant must show "that a material term of the agreement has been violated as a result [of the judge's absence], or that there has been a 'significant deviation' from the terms of the plea agreement" to assert his *Arbuckle* rights. (*People v. McIntosh* (2009) 177 Cal.App.4th 534, 545 (*McIntosh*).) However, if the judge's unavailability is due to internal court administrative practices, "the defendant must be given the option of proceeding before the different judge available or of withdrawing his

5

plea," for his "reasonable expectation of having his sentence imposed" by that judge "should not be thwarted for mere administrative convenience." (*Arbuckle*, *supra*, 22 Cal.3d at p. 757, fn. 5.) This rule applies equally to visiting judges. (*People v. Pedregon* (1981) 115 Cal.App.3d 723, 724.) And, "[c]ertainly where the judge who accepts a plea is otherwise available, there is a reasonable expectation that he or she will impose sentence. . . ." (*McIntosh*, *supra*, 177 Cal.App.4th at p. 545.)

In *McIntosh*, the court of appeal affirmed the denial of a motion to withdraw a plea based on *Arbuckle* by a newly assigned judge where the judge who took the defendant's plea was a retired visiting judge on assignment who became unavailable for personal reasons and could not handle the case. (*McIntosh*, *supra*, 177 Cal.App.4th at pp. 538-539.) In that case, there was evidence the retired judge was not hearing any cases and that there was " 'no possible way' " to have the matter placed before him. (*Id.* a p. 538.) That is not the case here, where Judge Stephenson apparently assumed that merely because Judge Demetras is a visiting judge and was not on calendar the day the matter came up for sentencing, Judge Demetras was not available at all. Rather, there is evidence that Judge Demetras was otherwise available, and Judge Stephenson's conclusion that Judge Demetras was not available was based on Judge Demetras's status as a visiting judge who was not on calendar that singular day. Thus, defendant is entitled to specific performance of his agreement, i.e., to have Judge Demetras hear his *Romero* motion and impose his sentence, or, if Judge Demetras is not available, to be permitted to withdraw his plea.

### II. Probation Report

Defendant contends the hearing was rendered fundamentally unfair when the court ruled on the *Romero* motion before defense counsel had been provided the probation report and had an opportunity to review it with defendant. A probation report must be provided to the court and counsel at least five days prior to the hearing set by the court.

6

(§ 1203, subd. (b)(2)(E).)  Where the report is not timely received, and defense counsel objects and requests a continuance, failure to comply amounts to a denial of due process. (*People v. Bohannon* (2000) 82 Cal.App.4th 798, 808-809, disapproved on other grounds by *People v. Zambrano* (2007) 41 Cal.4th 1082, 1135, fn. 13.)  In that circumstance, unless the defendant is wholly ineligible for probation, he need not demonstrate prejudice to be entitled to remand for resentencing.  (*Bohannon*, at p. 809; accord, *People v. Leffel* (1987) 196 Cal.App.3d 1310, 1318-1319.)

The People, citing section 1203, subdivision (e)(4), contend defendant was statutorily ineligible for probation based on his prior felony convictions and, moreover, argue any error in failing to permit defendant to review the probation report prior to sentencing was harmless.  Contrary to the People's contention, a person who has two or more felony convictions is not wholly ineligible for probation, but is presumptively ineligible "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation . . . ."  (§ 1203, subd. (e)(4).)  However, defendant did not raise an objection based on failure to have received the probation report until *after* the court had already ruled on the *Romero* motion and pronounced the sentence and, when defendant did object, the court continued the hearing to impose sentencing at a later date, though it did not continue the hearing on the *Romero* motion.  Nonetheless, because we are remanding the matter for resentencing before the judge who took the plea, including hearing defendant's *Romero* motion, we need not decide whether the failure to provide the probation report prior to the April 2014 sentencing hearing violated defendant's due process or if that claim was forfeited by defendant's failure to timely object.

## DISPOSITION

The matter is remanded to the trial court for resentencing (including a determination whether to strike defendant's prior strike conviction) before the judge who

took defendant's plea if possible or, if not, to permit defendant to be resentenced by a new judge or to withdraw his plea.

      BUTZ      , J.

We concur:

      BLEASE      , Acting P. J.

      HULL      , J.