Filed 8/21/15  P. v. Poor CA3

NOT TO BE PUBLISHED/

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RODNEY QUINCY POOR,<br><br>Defendant and Appellant. | C074830<br><br>(Super. Ct. No. CM009321) |

Defendant Rodney Quincy Poor appeals from the trial court's orders denying his petition for resentencing pursuant to Penal Code section 1170.126 (unless otherwise stated, statutory references that follow are to the Penal Code) based on the court's finding that resentencing would pose an unreasonable risk of danger to public safety.  He contends he was deprived of his right to have the petition heard by the judge who initially sentenced him.  In a supplemental brief, he contends that the definition of danger to public safety found in the resentencing provision of the recently enacted Proposition 47,

1

section 1170.18, applies to the danger to public safety finding under section 1170.126. We affirm the orders.

FACTS AND PROCEEDINGS

Defendant was caught with evidence showing that he was manufacturing methamphetamine in his trailer. A jury later convicted him of manufacturing methamphetamine. (Health & Saf. Code, § 11379.6.) The trial court found four strike allegations to be true and sentenced him to 25 years to life in state prison. We affirmed his conviction in January 1999.

Defendant filed a petition for recall of sentence pursuant to section 1170.126 in November 2012. He was appointed counsel in December 2012.

At defendant's first appearance in court on May 23, 2013, the prosecutor asked whether the court would be hearing defendant's petition. The court, Judge Lucena, believed so. Defense counsel said defendant was originally sentenced by Judge Patrick. The court replied, "Yes, Judge Patrick. He does handle assigned cases from time to time in this court." The prosecutor added, "I have another one of these that he's intending to handle himself." Defense counsel told the court, "I don't mind putting this on in a week such that that can be explored through the administrative avenues." The court continued the matter to May 30, 2013, informing the parties, "I'll confer with the presiding judge as to whether he will be having the sentencing judge hear this matter."

On May 30, 2013, Judge Lucena informed the parties that she would conduct the hearing and rule on the petition because Judge Patrick had retired. She then moved on to other matters with the parties.

Following a contested hearing, the trial court denied defendant's petition after finding that resentencing him posed an unreasonable risk of danger to public safety.

2

DISCUSSION

I

*The Sentencing Judge*

Defendant contends the trial court violated his statutory right to have the judge who sentenced him hear his petition for resentencing.

"[S]ection 1170.126, subdivision (b) specifies that a prisoner petitioning for resentencing must file the petition 'before the trial court that entered the judgment of conviction in his or her case.' The reference to 'the trial court that entered the judgment' is clearly a reference to the trial judge. This is confirmed by a later subdivision, which uses the terms 'judge' and 'court' interchangeably, when identifying the judicial officer who must rule on the petition. ([]§ 1170.126, subd. (j).) [S]ection 1170.126, subdivision (j) provides, 'If the court that originally sentenced the defendant is not available to resentence the defendant, the presiding judge shall designate another judge to rule on the defendant's petition.'

"It is therefore clear that the initial sentencing judge shall rule on the prisoner's petition. However, as with other rights, a defendant may waive the right for the petition to be considered by a particular judge. 'A valid waiver of any right, however, presupposes an actual and demonstrable knowledge of the right being waived so that the waiver is deemed knowing and intelligent. Courts should not find a waiver by mere silence or acquiescence even when the defendant is represented by counsel. [Citation.]' [Citation.]" (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1300-1301, fn. omitted.)

Defendant asserts the trial court's initial statement shows that Judge Patrick was available to conduct the hearing on his petition and therefore should have heard it. According to defendant, the trial court's statement regarding continuing the matter for a week in order to confer with the presiding judge misstated the situation. Asserting that he

3

was entitled to have the judge who sentenced him hear his petition and that he did not make a valid waiver of the right, defendant asks us to vacate and remand the matter for a new hearing before Judge Patrick.

Defendant's argument overlooks the undisputed fact that Judge Patrick was retired when defendant filed his section 1170.126 petition. While defendant would be correct if Judge Patrick was still a sitting judge during the pendency of the resentencing petition, he has no right to have the hearing on his petition conducted by a retired judge.

The closely analogous situation regarding sentencing after guilty pleas illustrates this principle. In *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*), the California Supreme Court held that "whenever a judge accepts a plea bargain and retains sentencing discretion under the agreement, an implied term of the bargain is that sentence will be imposed by that judge. Because of the range of dispositions available to a sentencing judge, the propensity in sentencing demonstrated by a particular judge is an inherently significant factor in the defendant's decision to enter a guilty plea. [Citations.]" (*Id.* at pp. 756-757.)

*Arbuckle* did not grant defendants an unlimited right to resentencing before the judge who took the plea. "While it is established that the implied term of a negotiated plea first recognized by *Arbuckle* will override competing administrative practices of the court, it is clear to us that a negotiated plea does not carry with it an implied promise that the judge accepting the plea will not resign, retire, expire or be removed from the bench pending imposition of sentence. The People appropriately bear the risk of a judge's unavailability due to matters within the control of the court, but no good reason appears why they should bear the risk that the judge before whom defendant plead is no longer vested with judicial power to pass sentence. To the implied term recognized by *Arbuckle* that the judge accepting the plea will impose sentence must be added an implied condition: if that judge then still actively exercises judicial power." (*People v. Dunn* (1986) 176 Cal.App.3d 572, 575.)

4

The situation before us is no different. Judge Patrick may have been hearing cases while retired, but he could not be compelled to hear any case. "The Chief Justice shall seek to expedite judicial business and to equalize the work of judges. The Chief Justice may provide for the assignment of any judge to another court but only with the judge's consent if the court is of lower jurisdiction. A retired judge who consents may be assigned to any court." (Cal. Const., art. VI., § 6, subd. (e).) Recognizing that Judge Patrick might be able to hear the petition, the trial court here correctly went through administrative channels to determine whether this retired judge would in fact hear the case. Judge Patrick would not, so, in accordance with section 1170.126, subdivision (j), the presiding judge assigned another judge to hear the defendant's petition. In short, there was no error here.

II

*The Legal Standard for Dangerousness*

In a supplemental brief, defendant argues that the standard for determining dangerousness enacted in Proposition 47 should apply to his resentencing hearing. He argues that this court should return this matter to the trial court for a further hearing on his 1170.126 petition directing the court to use the definition of "unreasonable risk of danger to public safety" enacted by Proposition 47. Stated simply, his argument is that, if the trial court is bound to apply the arguably more restrictive definition, the court will be unable to find that he poses an unreasonable risk of danger to public safety.

Section 1170.126 provides that, if a petitioner satisfies certain criteria, the petitioner has a right to be resentenced to a determinate term or a minimum term for an indeterminate term of twice the term otherwise provided as punishment for the petitioner's current felony conviction, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

5

In exercising its discretion regarding whether petitioner poses an unreasonable risk of danger to public safety, the trial court may consider: "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

"(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

In November 2014, some two years after the people of California passed Proposition 36 which enacted section 1170.126, the electorate passed Proposition 47 which enacted section 1170.18.

Basically, Proposition 47, except under certain circumstances, reduced certain nonserious, nonviolent crimes like petty theft and drug possession from felonies to misdemeanors. (See e.g., Health & Saf. Code, § 11377.)

Proposition 47 also created a new resentencing provision, section 1170.18, under which a person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section had the act been in effect at the time of the offense may petition for a recall of sentence and request resentencing.

"If the petitioner satisfies the criteria in subdivision (a) [of section 1170.18], the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶]

6

(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Central to the matter before us, section 1170.18 specifically defines that which constitutes an unreasonable risk of danger to public safety. Specifically, under the statute, that phrase means "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).) Section 667, subdivision (e), paragraph (2), subparagraph (C), clause (iv) lists the following violent felonies: (1) a sexually violent offense as defined in section 6600 of the Welfare and Institutions Code; (2) various sexual offenses with a child who is more than 10 years younger than a defendant; (3) lewd and lascivious with a child under the age of 14; (4) any homicide offense including attempted homicide; (5) solicitation to commit murder; (6) assault with a machine gun on a police officer or firefighter; (7) possession of a weapon of mass destruction; and (8) any serious and/or violent felony offense punishable by life imprisonment or death.

At its essence, defendant's argument is that this definitional section of section 1170.18 is retroactive and should be applied to the court's determination of dangerousness in considering his petition under section 1170.126. Since defendant has never been convicted of any of the above offenses, the argument goes, the trial court would have been precluded from finding dangerousness in ruling on his section 1170.126 petition.

Defendant's argument is based on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Under the *Estrada* rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature deeming its former penalty too severe), unless there is a "saving

7

clause" providing for prospective application. (*Id*. at pp. 742, 745, 748.) According to defendant, section 1170.18, like section 1170.126, is remedial legislation that is therefore "entitled to the fullest retroactive application."

*Estrada* does not apply here because applying the definition of "unreasonable risk of danger to public safety" in Proposition 47 to petitions for resentencing under the Act does not reduce punishment for a particular crime. While in a particular instance, application of the 1170.18 definition of unreasonable risk of danger could result in reduced incarceration, it certainly was not intended to do so across the board, that is, in every case. But neither Proposition 36 nor Proposition 47 reduce the punishment for a particular crime as was the case in *Estrada*; they provide only an avenue for relief leading, perhaps, to a reduced sentence for any crime or set of crimes that are covered by their provisions.

This is consistent with the Supreme Court's most recent interpretation of *Estrada*. "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*People v. Brown* (2012) 54 Cal.4th 314, 324.) Expanding *Estrada's* scope to include the definition of "unreasonable risk of danger to public safety" in Proposition 47 in a petition for resentencing under section 1170.126 would conflict with "section 3[′s] . . . default rule of prospective operation." (*Ibid*.)

Since there is no evidence in Proposition 47 that this definition was to apply retrospectively to petitions for resentencing under the Act, applying *Estrada* here would be improper given that the definition of "unreasonable risk of danger to public safety" in Proposition 47 does not reduce punishment "for a particular crime." (*People v. Brown*, *supra*, 54 Cal.4th at p. 324.) Therefore, the definition of "unreasonable risk of danger to

8

public safety" found in Proposition 47 does not apply to section 1170.126 petitions for resentencing decided before the effective date of Proposition 47.

Accordingly, we reject defendant's request for retroactive application of the language in section 1170.18 to his petition for resentencing pursuant to section 1170.126.

DISPOSITION

The trial court's orders are affirmed.



                                                     HULL              , Acting P. J.



We concur:



      BUTZ              , J.



      HOCH             , J.

9